**90**

## ARMSTRONG WORLD INDUSTRIES, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (EVANS), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided Dec. 3, 1997.

W. Jeffrey Sidebottom, Lancaster, for petitioner.

Jacob Cheli, Exton, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Armstrong World Industries (Employer) appeals an order of the Workers' Compensation Appeal Board (Board) reversing the Workers' Compensation Judge's (WCJ) decision to suspend the benefits of John J. Evans (Claimant) due to voluntary retirement.

On May 6, 1993, Claimant suffered a work related injury to his right foot and received Workers' Compensation benefits pursuant to a Notice of Compensation Payable. In December of 1993, Claimant subsequently returned work with Employer in a light duty capacity and because the light duty work paid less than his pre-injury job Claimant received partial disability benefits. On March 1, 1994 Claimant, who was sixty years old at the time, accepted an early retirement package offered by Employer that included time credit earned toward his pension.

On March 9, 1994, Employer filed a Termination Petition alleging that Claimant's disability had ceased and Claimant was no longer entitled to benefits. Employer later amended its petition to include a request for suspension on the grounds that Claimant voluntarily retired and was no longer entitled to partial compensation benefits.

At the hearing before the WCJ, Claimant testified that he still had considerable amounts of pain in his right foot that precluded him from standing for prolonged periods of time and from lifting the weight required for production work. Although he was not ready to retire and wished to work for four or five more years, he took the retirement package offered because Employer could not guarantee him that his light duty job would still be available in the future and his injury would not allow him to do his

pre-injury job. Claimant also testified that he did not withdraw from the workforce and, that since his retirement, he has actively sought other work. Employer did not offer any evidence to contradict Claimant's testimony.

Although he found that Claimant still had residual disability so as to deny the termination petition, the WCJ suspended benefits because he found that when Claimant retired he voluntarily left the work force. On appeal the Board reversed, holding that the WCJ's decision was not based on substantial evidence. It so held because the Claimant's uncontradicted testimony was that he had not withdrawn from the work force and has since applied for work following his retirement and also that his work injury prevented him from returning to his pre-injury job. Employer filed this instant appeal.[1]

■ Employer contends that the Board erred in holding that there was no substantial evidence that Claimant had left the work force because he still could have continued to perform light duty work. A claimant is precluded from continuing to receive benefits if he voluntary removes himself from the work force because he is no longer seeking employment. *Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa. Cmwlth. 218, 569 A.2d 1038 (1990) However, where a claimant intends to get a job after retiring he has not left the work force and benefits can continue. *Patterson–Kelly v. Workmen's Compensation Appeal Board (Woodrow)*, 137 Pa.Cmwlth. 567, 586 A.2d 1043 (1991). Although the employer normally has the burden in a termination petition, the burden in retirement cases is on the claimant to show that he has not withdrawn from the work force. In *Southeastern Penn-*

*sylvania Transportation Authority v. Workmen's Compensation Appeal Board (Henderson)*, 543 Pa. 74, 669 A.2d 911 (1995) our Supreme Court stated:

> It is clear that disability benefits must be suspended when a claimant voluntarily leaves the labor market upon retirement. The mere possibility that a retired worker may, at some time, seek employment does not transform a voluntary retirement from the labor market into a continuing compensable disability. An employer should not be required to show that a claimant has no intention of returning to work; such a burden would be prohibitive. For disability compensation to continue a claimant must show that he is seeking employment after retirement or that he was forced into retirement because of his work-related injury.

*Id.* at 79, 669 A.2d at 913. *See also Figured v. Workers' Compensation Appeal Board (USAir, Inc.)*, 702 A.2d 3 (Pa.Cmwlth.1997).

■ At the core of Employer's contention is the erroneous presumption that when a claimant retires, benefits should be automatically suspended.[2] Just because an employee retires does not mean he or she has left the work force; it only means that he or she has left the employer. A retirement does not affect a claimant's workers' compensation status; if benefits are suspended they remain suspended; if partial disability benefits are being paid they must continue to be paid. *Henderson, Patterson–Kelly.* In this case it is uncontradicted that Claimant did not want to retire but, for economic reasons, chose Employer's early retirement plan and has continued to seek work within his physical limitations. Because the Board properly held that the WCJ's finding that Claimant had removed himself from the work force was not supported by substantial evidence, we affirm the Board's order reinstating Claimant's partial disability benefits.

---

1. Our scope of review is limited to determining whether errors of law have been committed and whether the necessary findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

2. Employer also contends Claimant's benefits should still be suspended because Claimant was not forced into retirement by his work injury because continuing light duty work was available. What employer forgets that if Claimant was terminated for misconduct or quit, he would still be entitled to partial disability benefits.

**92**

### ORDER

AND NOW, this 3rd day of December, 1997, the order of the Workers' Compensation Appeal Board, dated May 27, 1997, at No. A95–2444, is affirmed.