**Henry HOWZE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GENERAL ELECTRIC COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 1, 1998.
Decided July 10, 1998.

Lawrence R. Chaban, Washington, for petitioner.

Harry K. Thomas and Timothy M. Zieziula, Erie, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Henry Howze (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to grant General Electric Company's (Employer) Suspension Petition. We reverse and remand.

On March 31, 1993, Claimant sustained a work-related injury to his low back, resulting in surgery in September of 1993. Claimant received workers' compensation benefits pursuant to a Notice of Compensation Payable. Following his recovery from surgery, Claimant returned to light duty work with Employer at a wage loss and received partial disability benefits until Employer discharged Claimant, effective January 19, 1994, for threatening a fellow employee.[1]

Subsequently, Employer filed a Termination Petition, which was amended at the hearing to be pleaded in the alternative as a Suspension Petition, alleging that: (1) Claimant had been released to full duty and had recovered from his work injury as of January 17, 1994; and (2) Claimant was discharged for reasons unrelated to his work injury. Claimant filed an answer denying the allegations.

After hearings and receipt of evidence, the WCJ denied the termination of Claimant's benefits, but granted a suspension of benefits as of January 19, 1994.[2] The WCJ found that Claimant's behavior constituted willful misconduct and that Claimant's discharge was reasonable and in no way related to his work injury. (WCJ's Findings of Fact, No. 16.) Claimant appealed to the WCAB which affirmed and concluded that, although Claimant had a partial disability, i.e., loss of earning power,[3] the WCJ properly suspended Claimant's benefits because Claimant's loss of earnings was not attributable to his work-related injury.

Claimant now appeals to this court.[4] The issue presented is whether an employer is entitled to a suspension of benefits when a claimant, who is receiving partial disability benefits as a result of returning to light duty work at a wage loss, is discharged for willful misconduct. Claimant challenges only the portion of the WCAB's order which denies him receipt of his continuing partial disability benefits.

Claimant argues that a suspension is improper because not *all* of his disability, i.e., his loss of earning power, is due to his termi-

---

1. On January 18, 1994, Claimant threatened a nurse at Employer's dispensary/medical center. The following day, Employer suspended Claimant until further notice. Approximately two weeks later, Claimant was discharged from employment. (WCJ's Findings of Fact, No. 6.)

2. The WCJ concluded that, based on the parties' stipulation that Claimant had a residual physical limitation arising from his work injury, Employer failed to sustain its burden of proof for a termination of benefits.

3. The WCJ found that, at the time of Claimant's discharge, there was work available to Claimant with no loss of earnings. (WCJ's Findings of Fact, No. 16.) However, on appeal to the WCAB, the WCAB concluded that this finding was not supported by substantial evidence.

4. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

nation for misconduct. Claimant points out that he was receiving partial disability benefits at the time of his discharge, and he reasons that that fact alone establishes disability due to his injury. In addition, Claimant argues that attributing all of his loss in earning power to his misconduct, when he never recovered his full earning power, contravenes the purposes of the Workers' Compensation Act (Act),[5] which is intended to benefit injured workers who have suffered a loss of earning power due to a work injury. We agree with Claimant.[6]

■ Disability is synonymous with loss of earning power. *Eljer Industries & Travelers Ins. Co. v. Workers' Compensation Appeal Board (Evans)*, 707 A.2d 564 (Pa. Cmwlth.1998). Indeed, "benefits for partial disability are based on the difference between pre-injury earnings and post-injury *earning power ....*" *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 488, 658 A.2d 766, 769 (1995).

■ A suspension of benefits is only appropriate where the employee's earning power is no longer affected by the work-related injury. *Hertz–Penske Truck Leasing Co. v. Workmen's Compensation Appeal Board*

(Bowers), 546 Pa. 257, 684 A.2d 547 (1996); *Harle.* Our supreme court has stated, "[s]ince the purpose of the Act is purely to compensate a claimant for his work-related injury, the dispositive element in the suspension analysis ... is the status of the injury. Issues of misconduct or fault, if any, on the part of a claimant do not impact upon this determination." *Hertz–Penske,* 546 Pa. at 261, 684 A.2d at 549.

■ Because Claimant was receiving partial disability benefits at the time of his discharge, there is a presumption that his disability from the work injury continues.[7] *Eljer Industries.* Employer failed to produce any evidence to prove that Claimant's *partial disability* was due to a factor unrelated to his work injury; instead, Employer produced evidence to establish only that Claimant's loss of the salary which he had been earning upon his return to light duty work was due to his misconduct. Therefore, consistent with the purpose of the Act—to remedy a loss in earning power due to a work-related injury—Claimant is entitled to continue to receive his partial disability benefits, calculated according to the wages he would have earned but for his misconduct.[8] Accordingly, the order of the

---

**5.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

**6.** Although we recognize that there may be policy considerations justifying a suspension of benefits where a claimant has returned to work with only a partial loss of earning power and is subsequently terminated for misconduct, we are confined by the Act.

**7.** This presumption is what makes Employer's reliance on *Somerset Welding & Steel v. Workmen's Compensation Appeal Board (Lee)*, 168 Pa. Cmwlth. 78, 650 A.2d 114, 119 (1994), *appeal denied,* 540 Pa. 652, 659 A.2d 990 (1995) misplaced. *Somerset Welding* involved a claim petition proceeding; thus, the claimant had the burden of proof and there was no presumption that the claimant had sustained any loss of earning power from a work-related injury.

Moreover, contrary to Employer's assertion, we note that a claimant who is discharged for misconduct while under a suspension is not eternally precluded from receiving benefits. *Southeastern Pennsylvania Transportation Authority v. Workmen's Compensation Appeal Board (Pointer)*, 145 Pa.Cmwlth. 539, 604 A.2d 315 (1992).

**8.** *Carbaugh v. Workmen's Compensation Appeal Board (T.B. Wood's Sons Co.)*, 162 Pa.Cmwlth. 386, 639 A.2d 853, *appeal denied,* 545 Pa. 655, 680 A.2d 1163 (1994), is instructive here. In *Carbaugh,* two employees sought reinstatement of their workers' compensation benefits when they went on strike. One claimant had returned to work at his pre-injury wage, resulting in a suspension of benefits; the other claimant had returned to work at less than his pre-injury wage and was receiving partial disability benefits. This court stated that when examining a claim for reinstatement of benefits, disability is the controlling factor, not the existence of a strike. We held that benefits were due according to the wages which would have been earned but for the strike. Accordingly, we concluded that the claimant who returned to work at his pre-injury wage was not entitled to a reinstatement of benefits; however, the claimant who was receiving partial disability benefits was entitled to continue to receive partial disability benefits.

Similarly, in *Armstrong World Industries v. Workers' Compensation Appeal Board (Evans)*, 703 A.2d 90 (Pa.Cmwlth.1997), the claimant returned to work at wages less than his pre-injury wage and was receiving partial disability benefits

WCAB is reversed, and this case is remanded for the calculation of Claimant's partial disability benefits.

## ORDER

AND NOW, this 10th day of July, 1998, the order of the Workers' Compensation Appeal Board (WCAB), dated October 24, 1997, is hereby reversed and this case is remanded to the WCAB to remand to the workers' compensation judge to calculate Henry Howze's partial disability benefits in accordance with this opinion.

Jurisdiction relinquished.

when he voluntarily retired; Employer subsequently sought a suspension of benefits. In holding that a claimant's benefits should not be suspended automatically upon the claimant's retirement, we stated, "[a] retirement does not affect a claimant's workers' compensation status; if benefits are suspended they remain suspended; if partial disability benefits are being paid they must continue to be paid." *Id.* at 91. Thus, even if the "[c]laimant was terminated for misconduct ..., he would still be entitled to partial disability benefits." *Id.* at 91, n. 6.