**Earl BARNETT, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PAUL RIGGLE & SONS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 1998.

Decided Oct. 2, 1998.

**902**

Daniel K. Bricmont, Pittsburgh, for petitioner.

Paul S. Mazeski, Pittsburgh, for respondent.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Earl Barnett (claimant) petitions for review of an order of the Workers' Compensation Appeal Board. The board's order reversed the workers' compensation judge's (WCJ) granting of claimant's petition to reinstate compensation benefits. We affirm the board's order on other grounds.[1]

While in the course and scope of his employment as an over-the-road tractor-trailer driver, claimant sustained a work-related low-back strain on August 16, 1993. Paul Riggle & Sons (employer) accepted liability for the injury and issued a notice of compensation payable on September 14, 1993. Consequently, claimant received total disability benefits from August 24, 1993 through August 8, 1994.

Claimant returned to a light-duty driving position on August 9, 1994, which required him to carry loads locally rather than over-the-road. Pursuant to supplemental agreements dated August 22, 1994 and October 24, 1994, claimant received partial disability benefits in accordance with his post-injury wages. On November 8, 1994, employer terminated claimant due to his refusal to undergo drug testing as required by Federal Highway Administration regulations. Employer's insurance carrier continued to pay claimant partial disability benefits after his termination.

Claimant filed a petition to reinstate workers' compensation benefits on April 26, 1995, alleging that total disability recurred during October, 1994. Employer filed a timely responsive answer denying the pertinent averments of the petition. By decision circulated May 3, 1996, the WCJ granted claimant's reinstatement petition concluding that claimant was totally disabled as of February 6, 1995. Based on the testimony of claimant's treating physician, Richard A. Wilson, M.D., the WCJ determined that claimant's work-related disability worsened to the point of total disability on said date. Because the change in claimant's disability prevented him from performing the modified-duty position, the WCJ concluded that claimant satisfied his burden of proof on the petition and reinstated claimant's total disability benefits.

The WCJ also found the lay testimony of employer's Safety Director and Manager of Administrative Services to be credible with regard to claimant's refusal to submit to a

---

1. This court is able to affirm the order of the tribunal below regardless of the reasons given, if the order is correct for any reason. *Wolf v.* *Workers' Compensation Appeal Board (County of Berks/Office of Aging),* 705 A.2d 483 (Pa.Cmwlth. 1997).

random drug test on November 8, 1994. Consequently, the WCJ concluded that claimant's modified driving position would have remained available if claimant would have taken and passed the drug test. In addition, the WCJ noted that employer did not submit evidence showing the availability of a job within claimant's injury related restrictions after February 6, 1995.

Employer responded by filing a timely appeal with the board. The board reversed the decision of the WCJ by order dated November 26, 1997. In its opinion, the board determined that claimant's loss of earnings after February 6, 1995 was not attributable to his work injury. Relying solely on the testimony of employer's lay witnesses, the board related claimant's loss of earnings to his refusal to undergo mandatory drug testing. This appeal followed.[2]

Claimant contends that the board erred as a matter of law when it concluded that claimant's termination from employment for refusal to undergo drug testing completely barred him from recovering total disability benefits. We agree.

 A loss of earnings due to a claimant's misconduct does not eternally preclude receipt of benefits where claimant's physical condition has worsened and it is directly attributable to claimant's work injury. *Signorini v. Workmen's Compensation Appeal Board (United Parcel Service)*, 664 A.2d 672, 676 (Pa.Cmwlth.1995), *Southeastern Pennsylvania Transportation Authority (SEPTA) v. Workmen's Compensation Appeal Board (Pointer)*, 145 Pa.Cmwlth. 539, 604 A.2d 315, 318 (1992). In the context of a reinstatement petition, however, where it has already been determined that a claimant is presently partially disabled, it is claimant's burden to show that he or she is further disabled, *i.e.*, either further partially disabled or totally disabled, such that claimant can no longer perform even the light-duty work which claimant could previously perform. *Nabisco Brands,*

*Inc. v. Workmen's Compensation Appeal Board (Almara)*, 706 A.2d 877 (Pa.Cmwlth. 1998).

Based on our thorough review of Dr. Wilson's testimony, we are not convinced that claimant established the requisite *change* in the degree of his partial disability such that he would be eligible for total disability benefits. Dr. Wilson treated claimant on a regular basis from May 10, 1994 until March 7, 1995, when the doctor informed claimant that he could return on an as needed basis. Reproduced Record (R.) 70a–71a. Based on prior physical examinations, a functional capacity evaluation performed on June 15, 1994, and a review of the modified duty job description, the doctor released claimant to light-duty work on July 21, 1994. R. 60a–62a. As a result, claimant returned to a modified truck driver position on August 9, 1994.

 Due to claimant's complaints of pain during the August 22, 1994 examination, Doctor Wilson recommended that claimant only work eight hours per day with no overtime. R. 63a. Doctor Wilson further testified that, from August 22, 1994 until his final examination on March 7, 1995, claimant's physical status remained stable. R. 78a–81a. The only change the doctor observed during his treatment of claimant was an increase in claimant's subjective complaints of pain. R. 20a, 33a. The doctor did not provide any objective evidence establishing that claimant's physical condition worsened during his course of treatment. Although the doctor's testimony proves that claimant's work-related partial disability continued, it does not sufficiently establish that claimant's partial disability increased to the level of total disability. Without unequivocal medical evidence proving that claimant could no longer perform his modified duty position, claimant is not entitled to reinstatement of total disability benefits. *Signorini, Southeastern Pennsylvania Transportation Authority.* Accordingly, we affirm the board's order.[3]

---

2. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, error of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech*

*School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

3. Because there is no question that claimant remains partially disabled due to his work injury, claimant should continue to receive partial dis-

## ORDER

AND NOW, this 2nd day of October, 1998, the order of the Workers' Compensation Appeal Board, dated November 26, 1997, at No. A96–1876, is affirmed.

ability benefits. *See Armstrong World Industries v. Workers' Compensation Appeal Board (Evans)*, 703 A.2d 90 (Pa.Cmwlth.1997) and *Howze v. Workers' Compensation Appeal Board (General Electric Co.)*, 714 A.2d 1140 (Pa.Cmwlth.1998). In *Howze*, we held that a claimant is entitled to receive partial disability benefits after being discharged for misconduct based on the wages claimant would have earned but for the misconduct. *Id.* Similar to the circumstances in *Howze*, employer in this matter failed to prove that claimant's partial disability was due to a factor unrelated to his work injury. Instead, employer only established that claimant's loss of salary was related to his misconduct.