**Willie SMITH, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DUNHILL TEMPORARY SYSTEMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 5, 1999.

Decided March 10, 1999.

Thomas E. Lucas, Jr., and Todd J. O'Malley, Scranton, for petitioner.

Joseph M. Caputo, Scranton, for respondent.

Before DOYLE, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Willie Smith (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) decision suspending his total disability benefits after finding that he voluntarily removed himself from the workforce, as well as denying his petition for penalties because Employer had unilaterally ceased payment of benefits.

Claimant suffered an injury to his right knee in the course of employment with Dunhill Temporary Systems (Employer) on February 10, 1994, and workers' compensation benefits were granted. In October 1996, Claimant accepted a volunteer position with the Peace Corps and moved to North Ghana, West Africa. Employer then filed a suspension petition alleging that Claimant's benefits should be suspended because by joining the Peace Corps and moving to West Africa, he had voluntarily removed himself from the workforce. Claimant filed an answer to the petition admitting the he was in the Peace Corps and residing in West Africa, but denied that he had removed himself from the workforce. Because he claimed that Em-

ployer had unilaterally suspended his benefits as of October 1996, in violation of the Workers' Compensation Act[1] (Act), Claimant filed a petition claiming penalties. The case then was assigned to a WCJ for a decision.

The WCJ scheduled a hearing for February 7, 1997, but no evidence was entered into the record. Claimant did not attend because he was in West Africa, but his attorney who was present argued that Claimant's benefits should not be suspended simply because he was in the Peace Corps. The WCJ found that because Claimant had admitted to joining the Peace Corps and moving to West Africa, he voluntarily removed himself from the workforce. The WCJ stated, "[w]e would assume that the Claimant, to be a viable member of the Peace Corps, must be engaging in some type of activity and that the Peace Corps did not send [Claimant] to Africa to do nothing." Consequently, he granted Employer's suspension petition. He also denied Claimant's penalty petition on the grounds that it was Claimant's actions that caused the suspension of benefits and the situation did not warrant the imposition of penalties.

Claimant appealed to the Board contending that the WCJ erred in finding that he had removed himself from the workforce and had abused his discretion in not awarding penalties against Employer for unilaterally ceasing payment of his benefits. He argued that Employer was required to either show a change of condition or job availability under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The Board, however, affirmed reasoning that Claimant's ac-

tions were akin to a retirement in that Claimant voluntarily removed himself from the workforce. The Board also found that although the Employer violated the Act by unilaterally stopping Claimant's benefits, the WCJ did not abuse his discretion in not awarding penalties. This appeal followed.[2]

■ Claimant contends that the Board and WCJ erred in finding that he voluntarily removed himself from the workforce because he never unequivocally stated that he was removing himself from the workforce. He argues that Employer is still required to show either a change in condition or job availability under *Kachinski*. A claimant is precluded from continuing to receive benefits if he voluntarily removes himself from the workforce because he is no longer seeking employment. *Armstrong World Industries v. Workers' Compensation Appeal Board (Evans)*, 703 A.2d 90 (Pa.Cmwlth.1997). In *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.)*, 550 Pa. 276, 705 A.2d 432 (1997), our Supreme Court held that an employer does not have to prove all four *Kachinski* factors[3] in every case where it seeks a suspension of benefits. As the Court stated in *Banic:*

[H]istory has shown that the four prong analysis of *Kachinski* is not to be rigidly applied to situations in which an employer seeks to suspend or terminate a claimant's benefits because the claimant's loss of earning power is no longer caused by the work related injury but rather by something unrelated to the work injury ... Also, this Court and the Commonwealth Court have consistently held that an employer does not need to demonstrate that a

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

2. The scope of review in workers' compensation proceedings is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or any findings of fact are not supported by substantial evidence. *Nabisco v. Workmen's Compensation Appeal Board (Kelly)*, 148 Pa.Cmwlth. 343, 611 A.2d 352 (1992).

3. *Kachinski,* the seminal case dealing with the proof requirements for a party seeking to suspend, terminate or modify benefits, set forth a four prong test, requiring that:

(1) The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must produce medical evidence of a change in condition.
(2) The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance.
(3) The claimant must then demonstrate that he has in good faith followed through on the job referral(s).
(4) If the referral fails to result in a job, the claimant's benefits should continue.
*Kachinski,* 516 Pa. at 251–52, 532 A.2d at 379–80.

claimant is physically able to work or that available work has been referred to claimant where the claimant has voluntarily retired or **withdrawn from the workforce.** [A] party does not have to prove every prong of *Kachinski* where the facts demonstrate that the changed circumstances of a claimant's disability would make the showing of all four *Kachinski* factors irrelevant and fruitless. To hold otherwise would result in courts promoting form over substance.

*Id.* at 284, 705 A.2d at 436. (emphasis added) (citations omitted). While *Banic* dealt with a claimant who was incarcerated, we believe that its reasoning is equally applicable here.[4]

■ In this case, Claimant has voluntarily removed himself from the workforce by joining the Peace Corps and moving to West Africa. Claimant obviously cannot perform activities with the Peace Corps in West Africa and at the same time be available for job referrals in the Wilkes–Barre area. Much like a person who is incarcerated or a retiree, Claimant's present loss of earning power is not a result of his disability but is because of his voluntary decision to join the Peace Corps and move to another continent. To require Employer to establish a change in condition or job availability is a result that would be "irrelevant and fruitless" when Claimant has removed himself from the workforce by joining the Peace Corps and has moved to West Africa. Consequently, the Board did not err in suspending Claimant's disability benefits.

■ Claimant also contends that the WCJ and the Board erred in not awarding penalties against Employer for violating the Act when it unilaterally ceased paying his benefits once he left to join the Peace Corps. In order for the imposition of penalties to be appropriate, however, a violation of the Act or of the regulations issued pursuant to the Act must appear in the record. *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corp.),* 676 A.2d 690 (Pa.Cmwlth.1996). Other than Claimant's allegations contained in the petition that Employer ceased paying his benefits in violation of the Act, which the Employer specifically denies, Claimant offered no evidence regarding Employer's alleged non-payment. As a result, the WCJ did not abuse his discretion in dismissing Claimant's penalty petition.[5]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 10th day of March, 1999, the order of the Workers' Compensation Appeal Board at No. A97–2468 dated September 9, 1998, is affirmed.

---

4. We note that although *Banic* was decided after the amendment to Section 306(a)(2) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended* by Section 8 of the Act of July 2, 1993, P.L. 190, No. 44 (commonly referred to as "Act 44"), 77 P.S. § 311(2), authorizing employers to stop paying total disability benefits to claimants during the period of their incarceration following conviction, our Supreme Court did not rely on the amendment to Section 306(a)(2) in making its decision and instead held that the state of the law as it existed prior to the amendment prevented the claimant from continuing to receive benefits.

5. Claimant also argues that he was deprived of property, i.e., his benefits, without due process of law because he was not given an opportunity to testify in this case. The record reflects, however, that there were at least two hearings before the WCJ—one on February 7, 1997, and another on April 7, 1997—in which Claimant chose not to attend because he was in West Africa. Consequently, he cannot complain that he was not given an opportunity to be heard.