**Edward HIGGINS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 2004.

Decided July 28, 2004.

Application for Reconsideration Denied Sept. 8, 2004.

---

Richard R. DiStefano, Philadelphia, for petitioner.

Martin G. Malloy, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Edward Higgins petitions for review of the order of the Workers' Compensation Appeal Board affirming the order of a Workers' Compensation Judge (WCJ) that denied the modification and reinstatement petitions filed by Higgins against the City of Philadelphia (Employer). Higgins contends that the WCJ capriciously disregarded substantial competent evidence when she made findings of fact unsupported by the record and failed to issue a reasoned decision and that the Board misapprehended the facts and the law and similarly disregarded substantial competent evidence in affirming the WCJ's order.

On March 22, 1990, Higgins injured his neck, lower back and right knee when he fell while wearing a 35–pound air breathing device during the course of his employment as a Lieutenant in the Philadelphia Fire Department. Pursuant to a March 30, 1990 notice of compensation payable, Higgins received weekly total disability benefits of $419 based on a pre-injury average weekly wage of $707.34. On May 24, 1993, Employer filed a petition to modify benefits alleging that Higgins failed in good faith to apply for available positions

within his physical limitations. Employer's supersedeas request was denied in September 1993.

During hearings conducted on Employer's petition, Higgins testified regarding his work injuries and his inability to work. He presented deposition testimony from an occupational psychologist, Dr. Morris Rubin, Ed.D., who opined that Higgins was unable to participate in any type of gainful employment. Employer presented deposition testimony from rehabilitation specialist Beverly Blank and orthopedic surgeon Dr. Marie Hatam. The WCJ credited the testimony from Employer's witnesses that Higgins was capable of performing sedentary work with restrictions and that he failed to make a good-faith effort to apply for two of the six available positions referred to Higgins. Accordingly, in March 1998, the WCJ ordered a modification of Higgins' benefits to partial disability at the rate of $375.56 per week as of September 1, 1992. The Board and this Court affirmed the WCJ's determination that Higgins had failed to show good-faith follow through on two of the six job referrals and, therefore, that he had failed to meet the third prong of standards enunciated in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

On April 29, 2002, Higgins filed his petitions for modification and reinstatement of total disability benefits, alleging that his work-related injury and disability had increased to the point where he was totally disabled and completely unable to work in any capacity whatsoever as of April 1, 2002. At a July 2, 2002 hearing, Higgins testified regarding his work-related injuries, the excruciating pain that he now suffers in his neck and arm, the weakness in his arm and numbness in his feet, the increase in the frequency with which he drops things, his inability to take neighborhood walks for fear that he could not walk back home and the decline in his driving because of weakness in his arm. He testified that he searched the local newspapers for jobs that he thought he was physically capable of performing.

Higgins presented deposition testimony from Dr. Merrylee Werthan, a neurosurgeon, who initially treated Higgins for his work injuries in 1990. She described his injuries as C5–6 right radiculopathy and traction plexopathy, C5–6 canal stenosis, myelopathy and right C5–6 lateral foraminal stenosis. Dr. Werthan testified that when she resumed treatment of Higgins in 2000, her examination revealed that although Higgins continued to complain of pain, he had less mobility in his neck and back than he had in 1990 and in 1991. Dr. Werthan stated that Higgins currently suffers increased sensory loss in his upper extremities, that he did very poorly in motor testing and suffers from marked tremors in his hands and that neurological and motor testing of his arms was restricted because of an inability to hyperextend his head and neck. Dr. Werthan opined that Higgins' condition had progressed to the point where he was totally disabled and that he was incapable of performing firefighting work or any other gainful employment.

Higgins submitted in evidence the medical report of Dr. Roy Lefkoe, M.D., an orthopedic surgeon. In May 2002 Dr. Lefkoe performed an independent medical examination of Higgins at the request of Employer. Dr. Lefkoe reviewed Higgins' history, medical records and diagnostic test results from 1990 and from 2000 and 2001. He concluded that Higgins suffered, *inter alia*, marked spinal stenosis and lateral recess and right neural foraminal stenosis and that he was "clearly still permanently and totally disabled" (R.R. at 97a). He noted that Dr. Werthan had

documented the worsening of Higgins' condition, and he agreed with the recommendations that Higgins be considered for neck surgery and a right ulnar nerve transposition at the elbow. The doctor further opined that Higgins should continue with his prescribed medications. WCJ Finding of Fact 4. Employer offered no medical evidence to rebut the opinions of Dr. Lefkoe and Dr. Werthan.

Despite the medical evidence presented, the WCJ denied Higgins' reinstatement and modification petition, having found that Dr. Werthan's opinion was based on subjective information rather than on objective diagnostic testing and having found that Higgins failed to look for suitable employment. The WCJ was not persuaded by, nor did she credit, Higgins' testimony. Based on her findings the WCJ concluded that Higgins' condition had not worsened such that he now was totally disabled. The WCJ made no findings with regard to Dr. Lefkoe's opinion or even whether it conflicted with the opinion of Dr. Werthan, and the WCJ made no findings pertaining to Higgins' testimony about his job search since the prior litigation. On the other hand, the WCJ did find, contrary to the evidence, that Dr. Werthan's opinion was based on Higgins' subjective complaints when the doctor in fact testified that her opinion was based on the history that she obtained from Higgins, her examination of him and her review of his various diagnostic studies. The Board, nonetheless, affirmed. It simply noted that under *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa.Cmwlth. 176, 305 A.2d 757

(1973), the WCJ is the ultimate arbiter of witness credibility.[1]

Higgins argues that the WCJ capriciously disregarded substantial competent evidence when she failed to credit undisputed testimony corroborated by Dr. Werthan and by Dr. Lefkoe that Higgins was totally disabled due to his work injury. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe),* 571 Pa. 189, 812 A.2d 478 (2002) (capricious disregard of evidence is appropriate component of review where raised). Citing the recent Pennsylvania Supreme Court decision in *Daniels v. Workers' Compensation Appeal Board (Tristate Transport),* 574 Pa. 61, 828 A.2d 1043 (2003), Higgins stresses that the WCJ failed to explain her reasons for discounting unanimous witness testimony that Higgins' condition had worsened and for rejecting testimony that he attempted without success to search local newspapers for available jobs. Higgins' contends, in any event, that the finding as to his failure to look for work was unreasonable given that he is totally disabled. *Stanek v. Workers' Compensation Appeal Board (Greenwich Collieries),* 562 Pa. 411, 756 A.2d 661 (2000). Lastly, the WCJ erred in finding that Dr. Werthan's opinion was based on subjective complaints when she testified that her opinion was based also on Higgins' diagnostic testing, which included an MRI, an EMG and a nerve conduction velocity test.

Employer counters that the WCJ's findings of fact were supported by substantial competent evidence in the record. Moreover, Employer maintains, Higgins has failed to meet his burden of proving that the condition arising out of his work-relat-

---

1. The Court's review of the Board's order is limited to determining whether constitutional rights were violated, an error of law was committed, a practice or procedure of the Board was not followed and whether the findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Gunter v. Workers' Compensation Appeal Board (City of Philadelphia),* 573 Pa. 386, 825 A.2d 1236 (2003).

ed injury has worsened to the point of total disability and that he can no longer perform even light-duty work. *See Stanek* (citing *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994)); *Barnett v. Workers' Compensation Appeal Board (Paul Riggle & Sons)*, 718 A.2d 901 (Pa. Cmwlth.1998). Employer argues that the WCJ was correct in disregarding Dr. Werthan's testimony that Higgins' condition has worsened when the doctor admitted that findings on the recent MRI and EMG tests also were shown in the 1990 tests and, additionally, that she suggested surgery to Higgins in 1990 but he refused.

As essential components of its appellate review in this case, the Court must determine whether the WCJ's findings are supported by substantial evidence in the record or whether the WCJ capriciously disregarded competent evidence. *See Leon E. Wintermyer, Inc.* In accordance with that review, it is evident from a reading of the record that the WCJ's finding regarding Dr. Werthan's opinion as being premised on subjective complaints alone was not supported by substantial evidence. To go one step further, the finding is contrary to the doctor's testimony that her opinion was based as well on diagnostic studies conducted in 2000 and 2001 that she reviewed and described in detail for the record. Moreover, the WCJ disregarded Dr. Lefkoe's opinion, which confirmed that Higgins is totally disabled.

After careful review of the record, it is apparent to the Court that the WCJ's findings of fact reflect a deliberate disregard of competent evidence that logically could not have been avoided in reaching her decision, thus representing a capricious disregard of competent evidence. *Id.* Although the WCJ noted Dr. Lefkoe's independent medical examination, she totally disregarded his opinion and made no find-

ings as to the doctor's agreement with Dr. Werthan that Higgins' condition had worsened to the point where he now was totally disabled. While not deemed to be as significant as the WCJ's error in making findings not supported by substantial evidence or in capriciously disregarding competent evidence, the Court observes that the WCJ also failed to make findings regarding Higgins' testimony that he searched local newspapers for available jobs. The WCJ found instead that Higgins had not looked for work on his own. Finding of Fact 2.

In *Daniels* the Supreme Court discussed the "reasoned decision" requirements of Section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834, and the legislative intention to promote the right of litigants to notice of the evidentiary basis for the fact finder's decision. The court then held that a decision is "reasoned" for purposes of Section 422(a) of the Act when the decision allows for adequate review by the Board without further elucidation and when it permits adequate review by the appellate courts under their applicable standards of review. In those situations where credibility determinations are not tied to the fact finder's actual viewing of a witness' demeanor, the fact finder must articulate some objective basis for the credibility determinations to allow the facilitation of effective appellate review. *Id.* Based on this criteria, there is no doubt that the WCJ failed to issue a reasoned decision when she found credibility against Dr. Werthan but failed to articulate reasons for doing so apart from a reason now shown to be unsupported in the record, and while Dr. Lefkoe confirmed that Higgins was totally disabled the WCJ articulated no reason for rejecting Dr. Lefkoe's opinion.

■ The Supreme Court noted in *Daniels* that no statutory remedy existed for a WCJ's failure to comply with the reasoned decision requirement and concluded that it "devolves upon the courts" to decide what they needed to conduct effective appellate review or what remedy should apply for a WCJ's failure to issue a reasoned decision. *Id.*, 574 Pa. at 75, 828 A.2d at 1051. In view of the guidance provided to reviewing courts, this Court conceivably could reverse the Board's order as a remedy for the WCJ's failure to issue a reasoned decision. Further, in combination with the failure to articulate some objective basis for the WCJ's credibility determinations, the WCJ denied the modification and reinstatement petitions that Higgins filed based not only on findings that were not supported by substantial evidence in the record but also upon the WCJ's capricious disregard of competent evidence in the record. *Leon E. Wintermyer, Inc.*

Notwithstanding the WCJ's fundamental errors, however, the Court has determined that rather than reversing the Board's order it will remand this case for the WCJ to make the necessary factual findings and then to issue a reasoned decision in accordance with the provisions of Section 422(a) of the Act and the standards enunciated in *Daniels.*[2] Accordingly, the Court vacates the order of the Board and remands this case for the purposes indicated herein.

## ORDER

AND NOW, this 28th day of July, 2004, the order of the Workers' Compensation Appeal Board is vacated, and this case is remanded for additional fact finding and for the issuance of a reasoned decision.

Jurisdiction is relinquished.

---

**2.** *See also Bethlehem Mines v. Workers' Compensation Appeal Board (Urgolites),* —— Pa. ——, 849 A.2d 230 (2004); *Westinghouse Power v. Workers' Compensation Appeal Board (Krisantz),* —— Pa. ——, 849 A.2d 229 (2004) (Supreme Court by per curiam order vacated orders of Commonwealth Court and remanded cases for WCJ to issue reasoned decisions in accordance with Section 422(a) of the Act and *Daniels*).