Carlos **MENDES**, Petitioner

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (LISBON CONTRAC-TORS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 1, 2009.

Decided May 29, 2009.

Publication Ordered Aug. 26, 2009.

Jerry M. Lehocky, Philadelphia, for petitioner.

Sheilah A. Tone, Scranton, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Carlos Mendes (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ) grant of the suspension petition of Lisbon Contractors, Inc. (Employer).

On July 2, 1990, Claimant was injured in the course and scope of his employment with Employer when he attempted to remove a very heavy iron piece to clean the area. Claimant suffered a disc syndrome or herniated nucleus pulposus, ambulatory dysfunction, myofascial pain syndrome and chronic progression. Pursuant to a supplemental agreement for compensation, the parties agreed Claimant was disabled as of September 19, 1990, and received disability compensation payments of $419.00 per week based on an average weekly wage of $941.00. At the time of injury, Claimant resided in Philadelphia, Pennsylvania. At some point thereafter, Claimant moved to Portugal. The parties stipulated that he has resided in Portugal since at least December 13, 2001. On June 15, 2007, Employer petitioned to suspend benefits on the basis that Claimant was unavailable for employment. Employer did not present any medical evidence. The parties stipulated to the facts.

The WCJ granted the suspension petition on the basis that Claimant voluntarily removed himself from the workforce when he moved to Portugal.

Claimant appealed to the Board which affirmed.

Claimant contends the Board erred when it affirmed the WCJ's grant of the suspension petition.[1]

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Pennsylvania Supreme Court adopted the following requirements which an employer must meet to satisfy its burden to modify compensation payments:

1.   The employer must produce medical evidence of a change in the employee's condition.

2.   The employer must produce evidence of a referral or referrals to a then open job (or jobs), which fits the occupational category which the claimant has been given medical clearance e.g., light work, sedentary work, etc.

3.   The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4.   If the referral fails to result in a job then the claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

Claimant argues that because Employer failed to satisfy the first prong of *Kachinski*, the production of evidence of a change in the claimant's condition, the Board erred when it affirmed the denial of the suspension petition.

However, our Pennsylvania Supreme Court has recognized that the first prong of *Kachinski* does not apply if the modification is not based on the assertion that the claimant has recovered some or all of his ability. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994).

In *Blong v. Workers' Compensation Appeal Board (Fluid Containment)*, 890 A.2d 1150 (Pa.Cmwlth.2006), this Court ad-dressed a similar issue.   Michael Blong (Blong) received compensation benefits as a result of a work-related bilateral carpal tunnel injury.   When his employer, Fluid Containment, notified Blong to schedule an Independent Medical Examination, Blong's counsel informed Fluid Containment that Blong was unable to attend because he had moved to New Zealand.   Fluid Containment petitioned to terminate or suspend benefits because Blong voluntarily removed himself from the workforce when he moved to New Zealand.   The WCJ granted the suspension petition on the basis that Blong voluntarily removed himself from the workforce and denied the termination petition.   The Board affirmed. *Blong*, 890 A.2d at 1151–1152.

Blong petitioned for review with this Court and contended that Fluid Containment was required to establish job availability in the Mt. Union area where Blong had resided.   *Blong*, 890 A.2d at 1152. This Court affirmed based on *Smith v. Workers' Compensation Appeal Board (Dunhill Temporary Systems)*, 725 A.2d 1285 (Pa.Cmwlth.1999).   In *Smith*, this Court held that a claimant who had joined the Peace Corps and moved to Africa voluntarily removed himself from the workforce.   It was not necessary for an employer to show the *Kachinski* requirements of change of condition and job availability. In *Blong*, this Court reasoned:

The critical fact is removal.   As in Smith, it would be a futile undertaking for Employer [Fluid Containment] to find jobs suitable for Claimant [Blong] in the Mt. Union area.   Claimant [Blong] has removed himself from that workplace and offered no indication that he intends to move back to the United States should he learn of suitable em-

---

1.   This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated.   *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

ployment in Mt. Union. In sum, Claimant [Blong] has removed himself from the workplace with as much certainty as one who becomes incarcerated or one who decides to retire.

*Blong,* 890 A.2d at 1154.

Here, Claimant, like the claimants in *Blong* and *Smith,* removed himself from the workforce when he chose to reside in Portugal for more than seven years. Employer was not required to meet the *Kachinski* requirement of a change in condition in order to suspend benefits.[2]

Accordingly, this Court affirms.

### ORDER

AND NOW, this 29th day of May, 2009, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

**2.** Claimant asserts that in *Lewis v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.),* 591 Pa. 490, 919 A.2d 922 (2007) our Pennsylvania Supreme Court held that an employer must demonstrate a change in physical condition under *Kachinski* in order to terminate or modify benefits when a new proceeding is initiated. *Lewis* is inapplicable here because the employer in *Lewis* sought a termination of benefits based on a change in condition. *Lewis* did not involve a claimant's voluntary removal from the workforce.