Robert REPASH, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 6, 2008.

Decided Nov. 10, 2008.

Reargument Denied En
Banc Jan. 6, 2009.

Stephen A. Sawyer, Philadelphia, for petitioner.

William McKee, Norristown, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.[1]

Robert A. Repash seeks review of the order entered by the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) initial decision and order of September 29, 2005 that denied Repash's claim petition and reversing the WCJ's remand decision and order of April 3, 2007 that granted the claim petition. Repash questions whether the Board erred 1) in failing to support its reasons for rejecting the WCJ's remand decision beyond stating only that it was error for the Board to have remanded in the first instance; 2) by ignoring the WCJ's remand decision that Repash was disabled without providing reasons for rejecting the WCJ's ruling on disability; 3)

in reinstating the WCJ's initial decision that failed to treat Repash's claim as an occupational disease claim thus avoiding application of a statutorily mandated evidentiary presumption; and 4) by accepting the employer's medical evidence when its expert rejected the presumption.

I

Repash was employed for over thirty-six years as a firefighter for the City of Philadelphia (Employer). On December 25, 2001, he began to experience chest pains on exertion. On January 27, 2002, he experienced an episode of chest pain while at work, and the next day he went to see his family doctor. The doctor referred Repash to a cardiologist who admitted Repash to the hospital where he underwent an angioplasty on January 30, 2002. On February 12, 2004, Repash filed his claim petition under Section 108(o) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. § 27.1(o), averring occupational disease in the nature of heart disease occurring in the course of his employment as of January 28, 2002 and seeking disability benefits from that date. Repash has not returned to work as a firefighter since then, but on March 15, 2004 he began working in a light-duty capacity as a park ranger with Montgomery County.

Repash submitted the deposition testimony of Dr. Nicholas DePace, Repash's treating cardiologist, who is board certified in internal medicine and in cardiology. Dr. DePace testified based on numerous

1. By opinion and order filed July 28, 2008, a three-judge panel of the Court reversed the Board's order, and thereafter by order filed October 10, 2008 the Court granted Employer's application for reconsideration in which it requested a remand for the WCJ to make findings on whether Employer rebutted the evidentiary presumption in this case. After reconsideration, the Court issues the instant opinion and order again reversing the Board's order and remanding for entry of an award of benefits.

examinations of Repash and a review of his history and medical records, and he opined that Repash suffers from coronary artery disease, high blood pressure and high cholesterol. Dr. DePace concluded that Repash's exertion at work was the triggering event that precipitated his seeking medical care. Also, Dr. DePace opined that Repash's passive exposure to noxious firefighting smoke was far in excess of the amount of passive smoke that might trigger atherosclerosis and that it was a definite causative risk factor for atherosclerosis. Dr. DePace further opined that due to Repash's coronary artery disease he is disabled from firefighting.

Employer submitted the deposition testimony of Dr. Jack Pickering, a board certified cardiologist, who did not confer with or examine Repash but opined that he had certain risk factors for developing coronary artery disease, namely family history, hypertension, hypercholesterolemia and being a male over fifty. Dr. Pickering agreed that Repash did not have diabetes or a history of smoking but nonetheless opined that his work as a firefighter did not precipitate his coronary artery disease. Dr. Pickering noted that Repash had coronary insufficiency on December 25, 2001 and that over the next few weeks he experienced angina upon exertion, but the doctor discerned no specific event that occurred at Repash's work in January 2002. The doctor stated that there is no evidence epidemiologically that firefighters suffer higher risks for coronary artery disease than do non-firefighters.

Dr. Pickering offered no opinion as to whether Repash suffered any disability from his work as a firefighter. When asked for an opinion, he responded:

> I have no evidence that he is disabled at the present time. He's working as a park ranger....
>
> ....
>
> Symptomatically, he's obviously better than he was. He had not reported subsequent chest pain. So that he is now returned to an asymptomatic status. I do not have documentation of a nuclear stress test or a stress echocardiogram which could have given confirmatory evidence of that. But I find no evidence that he has residual cardiac disability from the records I have.

Deposition of Dr. Pickering, N.T. at 27–28.

In his initial decision, WCJ Seymour Nathanson stated that Repash did not present unequivocal evidence to establish that his cardiovascular incident in January 2002 was causally related to his exposure to smoke as a firefighter. The WCJ found Dr. Pickering's testimony to be credible and persuasive and accepted as fact that Repash's constellation of pre-existing risk factors precipitated his cardiovascular incident; the WCJ rejected Dr. DePace's testimony to the extent that it conflicted with that of Dr. Pickering. The WCJ denied Repash's claim petition on the basis that he failed to establish either a work-related injury in the course of his employment or an occupational injury. He made no findings regarding whether Repash was disabled from firefighting as a result of his coronary artery disease.

Upon review, the Board remanded the matter for the WCJ to apply the rebuttable presumption of work-relatedness under Section 301(e) of the Act[2] and Section

---

2. Section 301(e), added by Section 3 of the Act of October 17, 1972, P.L. 930, 77 P.S. § 413 provides:

> If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of

108($o$)[3] (firefighter's presumption). The Board concluded the following:

> [T]he WCJ erred to the extent that he treated Claimant's claim as a non-occupational disease injury case under Section 301(c)(1) of the Act rather than as an occupational disease case under Sections 301(c)(2) and 108($o$) of the Act.
>
> Because it is uncontradicted that Claimant contracted heart disease and that he was exposed to smoke and fumes during his thirty-nine years of service as a fire-fighter, he did not bear the burden of proving causation for his heart disease.

Board Decision of June 6, 2006 at p. 8.[4]

On remand, WCJ Nathanson applied the firefighter's presumption to conclude that Repash met his burden of establishing a compensable injury due to heart disease occurring on January 28, 2002. The WCJ found Repash's testimony to be credible and persuasive and accepted as fact that his disability was related to his exposure to heat, smoke, fumes and gases along with the associated physical stress that accompanies over thirty-six years of fire-fighting. He was persuaded by his personal observation of Repash as well as the lack of any rebuttal evidence challenging his description of his work conditions. The WCJ found Dr. DePace's testimony to be credible and persuasive as well, and he accepted as fact the doctor's opinion that Repash's coronary artery disease was sub-stantially caused by his work as a firefighter and that due to this condition Repash is disabled from firefighting but not from his light-duty park ranger job.

The WCJ rejected Dr. Pickering's testimony and reasoned as follows:

> Significant to this finding is the fact that as Claimant's treating physician, Dr. DePace is more familiar with Claimant than is Dr. Pickering, who never examined Claimant and only conducted a Records Review. Also significant to this finding[s] is Dr. Pickering's rejection of the statutory presumption that exposure as a firefighter to fighting fires for four or more years is a risk factor in the development of coronary artery disease.

April 3, 2007 Remand Decision, at p. 4. Because Repash proved a compensable injury pursuant to Section 108($o$) of the Act, the WCJ concluded that Repash is entitled to temporary total disability benefits at the rate of $662 per week from January 28, 2002 through March 14, 2004 and to partial disability benefits from March 15, 2004 (determined by appropriate wage information) until modified, terminated or suspended under the Act. The WCJ computed an average weekly wage of $1067.34 based on Repash's 2001 W–2 Form from Employer.

Employer appealed to the Board, effectively asking it to reconsider its prior decision and again arguing that the firefighter's presumption did not apply as Repash

---

and in the course of his employment, but this presumption shall not be conclusive.

**3.** Section 108($o$) provides:

> The term "occupational disease," as used in this act, shall mean only the following diseases. . . .
>
> ($o$) Diseases of the heart and lungs, resulting in either temporary or permanent total or partial disability or death, after four years or more of service in fire fighting for the benefit or safety of the public, caused by extreme over-exertion in times of stress or

danger or by exposure to heat, smoke, fumes or gasses, arising directly out of the employment of any such firemen.

**4.** Section 301(c)(1) governs construction of the terms "injury," "personal injury" and "injury arising in the course of employment" while Section 301(c)(2) expands their construction by including "occupational disease" as defined in Section 108. Section 301(c), 77 P.S. § 411.

failed to meet the initial threshold of showing disability. The Board held that it had erred in remanding the case as an occupational disease claim. Noting that review of Dr. Pickering's testimony reveals that he had no evidence that Repash was disabled, the Board stated: "Based on the credible medical evidence of record in the first instance, there was no showing of disability." Board Decision, December 19, 2007, at p. 5. It reinstated the WCJ's initial decision, affirmed denial of the claim petition and reversed the remand decision granting the claim petition.[5]

## II

■ Repash's main argument on appeal to this Court is that the Board erred as a matter of law by ignoring the WCJ's remand decision that Repash satisfied all of the requirements of the firefighter's presumption, including proving that he was disabled from firefighting due to his work as a firefighter.[6] Repash maintains that the Board's decision should be reversed because of its impropriety and because its analysis is not supported in law or in fact. Employer's counter-argument is that the Board properly disregarded the WCJ's remand decision based on the conclusion that the Board at the very outset erred in its decision to remand. Employer notes that disability is a condition precedent to the application of the firefighter's presumption, and it argues that the medical evidence found credible and accepted by the WCJ in his initial decision supports the conclusion that Repash was not disabled from firefighting. Furthermore, the remand decision is a nullity given that there should have been no remand at all, and it was appropriate for the Board to ignore the remand decision when the WCJ erred by going outside the scope of the Board's remand order and reversing prior credibility determinations.

5. The Court's review of the Board's order is limited to determining whether a petitioner's constitutional rights were violated, an error of law was committed, a Board practice or procedure was not followed and whether the findings of fact are supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Higgins v. Workers' Compensation Appeal Board (City of Philadelphia)*, 854 A.2d 1002 (Pa.Cmwlth. 2004).

6. Repash initially argues that the Board committed an error of law in that it treated Employer's appeal as a motion for reconsideration/reargument without reviewing the pending WCJ decision. He argues that the Board's scope of review on appeal from the WCJ's remand decision was limited to determining whether the WCJ erred as a matter of law in that decision and whether the necessary findings of fact underlying that decision were supported by substantial evidence. Further, the Board's authority to reconsider is limited by 34 Pa.Code § 101.111 to instances where a litigant requests reconsideration within fifteen days of a Board decision. Section 101.111, however, refers to the Un-employment Compensation Board of Review. *See* 34 Pa.Code § 101.2. Reconsideration in matters brought before the Workers' Compensation Appeal Board is governed by Section 426 of the Act, added by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. § 871, which affords litigants eighteen months from the date of the Board's order to request reconsideration. Here, the Board acknowledged Employer's appeal on April 19, 2007 requesting, *inter alia*, reconsideration of the Board's June 6, 2006 decision, well within the period afforded under Section 426.

Repash is correct in that the Board's scope of review is limited to determining whether the WCJ committed an error of law and whether any necessary findings of fact were not supported by substantial evidence, *Bechtel Power Corp. v. Workmens' Compensation Appeal Board (Postlethwait)*, 167 Pa.Cmwlth. 544, 648 A.2d 1266 (1994), but the Court is not persuaded that the Board's decision went outside of its permissible scope. The Board simply concluded that the WCJ's remand decision was premised upon what the Board determined to be an error of law.

The Court concludes that the Board erred when it ignored the WCJ's finding that Repash's heart disease disables him from firefighting. As the Court recently reiterated in *Peters Township School District v. Workers' Compensation Appeal Board (Anthony)*, 945 A.2d 805, 812 (Pa.Cmwlth.2008): "The WCJ, as the ultimate fact finder in workers' compensation cases, has exclusive province over questions of credibility and evidentiary weight, including a medical witness, in whole or in part." Where the WCJ fails to make findings integral to determining a matter on appeal to the Board, the appropriate course of action is to remand the matter to the WCJ to make those findings. *McMullen v. Workers' Compensation Appeal Board (City of Philadelphia)*, 830 A.2d 629 (Pa.Cmwlth.2003).

The Court cannot agree with the Board that medical evidence found credible and accepted as fact in the WCJ's initial decision supports the conclusion that Repash was not disabled from firefighting. It is evident from the WCJ's initial findings of fact and conclusions of law that he looked past the issue of whether Repash's heart disease disabled him from firefighting. The WCJ made no findings or conclusions on this issue. Rather, he merely accepted Dr. Pickering's opinion as to causation of Repash's cardiovascular incident and rejected Dr. DePace's opinion to the extent that it conflicted with that of Dr. Pickering on the issue of causation.

Even Dr. Pickering looked past the issue of disability when submitting his expert report and avoided answering the question directly when asked whether he had an opinion as to whether Repash was disabled from firefighting. His reply was to note what evidence and documentation he did not have. Thus the Board erred when it extrapolated a finding as to disability from Dr. Pickering's testimony.

When the Board determined that a finding on disability was necessary in order to determine whether the firefighter's presumption applied, it should have remanded the matter to the WCJ, as the ultimate fact finder, to make the necessary findings on disability. Upon remand the WCJ made those findings, crediting Dr. De-Pace's testimony and accepting as fact that Repash is disabled from firefighting due to his condition, thus meeting the condition precedent to application of the presumption.

The Court observes a settled rule that "[a] WCJ should restrict remand proceedings to the purpose indicated by the Board's remand order...." *Clark v. Workers' Compensation Appeal Board (Wonder Bread Co.)*, 703 A.2d 740, 743 (Pa.Cmwlth.1997). Here, the indicated purpose of the remand was the application of the firefighter's presumption, and the WCJ explained how the application of the presumption affected his credibility determinations. He stated that the presumption recognizes that exposure as a firefighter to fighting fires for four or more years is a risk factor in the development of coronary artery disease. Dr. Pickering opined otherwise, stating that there is no epidemiological proof that firefighters are at any higher risk than non-firefighters. It was only on remand that the WCJ determined which of the experts was more credible on the issue of whether Repash was disabled from firefighting, and the Court finds no error in this regard.

On the issue of Repash's disability from firefighting, Employer argues that Repash failed to meet his burden of proof. This argument incorrectly assumes the invalidity of the remand decision. As Repash points out, on remand the WCJ credited Dr. DePace's testimony that Repash is in fact disabled from firefighting due to coronary artery disease. The WCJ also found

credible Repash's testimony that his disability was related to regular and repeated exposures to heat, smoke, fumes and gases along with physical stress from his thirty-six and one-half years of firefighting. In this regard, the WCJ specifically found "the absence of any rebuttal testimony or rebuttal evidence challenging Claimant's description of his working conditions and experiences at work." Remand Decision, Finding of Fact No. 7.

■ Employer failed to rebut the statutory evidentiary advantage afforded Repash by offering substantial competent evidence to show that the presumption should not apply. *See City of Wilkes–Barre v. Workmen's Compensation Appeal Board (Zuczek)*, 541 Pa. 435, 664 A.2d 90 (1995) (explaining that the Section 301(e) presumption offers a procedural or evidentiary advantage to a claimant who proves an occupational disease and employment in an occupation where such disease is a hazard and stating that an employer may rebut the presumption, *inter alia*, through competent medical expert testimony); *see also Pawlosky v. Workmen's Compensation Appeal Board*, 514 Pa. 450, 525 A.2d 1204 (1987) (stating that once claimant meets his/her burden under Section 301(e) claimant becomes entitled to a non-conclusive presumption that the occupational disease arose out of claimant's employment). Moreover, it is well settled that the WCJ has exclusive province over questions of credibility and evidentiary weight and that his/her findings are binding if they are supported, as here, by substantial competent evidence. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995).

Finally, the Court acknowledges Employer's contentions that Repash's disability ended by July 7, 2003 when he became asymptomatic and that the WCJ's remand decision should be modified if the Court reverses the Board to provide that benefits are to be awarded based on an average weekly wage of $998.29 found by the WCJ in his initial decision rather than based on an average weekly wage of $1067.34 as he found in the remand decision. Employer seeks further modification of the remand decision to provide that Repash's benefits are due from March 5, 2002, the date he gave notice of his injury to Employer, rather than January 28, 2002. Employer has offered no basis in the record for modification of the WCJ's findings on these issues.

Based upon its examination of the record and review of the issues presented, the Court is of the opinion that the Board erred in reversing the WCJ's remand decision and order. The Court therefore reverses the order of the Board, reinstates the WCJ's remand decision granting Repash's claim petition and remands this matter for entry of an award of benefits.

## ORDER

AND NOW, this 10th day of November, 2008, the order of the Workers' Compensation Appeal Board is reversed, and the claim petition filed by Robert Repash is granted pursuant to the Workers' Compensation Judge's April 3, 2007 remand decision and order. This matter is remanded in accordance with the foregoing opinion for entry of an appropriate award of benefits.

Jurisdiction is relinquished.