IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dow Chemical Company, :
                Petitioner :
                           :
         v. : No. 59 C.D. 2017
                           : Submitted: June 23, 2017
Workers' Compensation Appeal :
Board (Morrow), :
               Respondent :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                 FILED: July 20, 2017


        Dow Chemical Company (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision granting Marianne Morrow's (Claimant) Petition to Review Compensation Benefit Offset (offset petition) pursuant to the Workers' Compensation Act (Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708.

## I.

On June 5, 2010, Claimant sustained work-related injuries in the nature of "left wrist medial epicondylitis caused by computer work." (Reproduced Record (R.R.) at 24a.) On March 24, 2011, Employer issued a Notice of Compensation Payable (NCP) acknowledging those work-related injuries and a total disability benefit rate of $845 a week based upon an average weekly wage of $2,025.97. Employer also issued a Notification of Suspension effective March 21, 2011, based on Claimant's return to work at no loss of earnings.

In the following months, Claimant filed a Reinstatement Petition alleging a worsening of her condition as of April 4, 2011, and a Review Petition alleging that she also sustained injuries to her left elbow and carpal tunnel syndrome as a result of her work injury. After they each submitted evidence and testimony relating to Claimant's work injuries, on September 14, 2012, Claimant and Employer also entered into a stipulation that if the WCJ decided to award benefits, the amount Employer was allowed to statutorily offset under the Act due to social security payments[2] and long-term disability payments[3] was to be incorporated into the WCJ's decision, including:

> 2. The claimant was approved to receive and does receive long term disability benefits at 50 percent of her pre-disability monthly salary ($7,693) for a gross long term disability benefit of $3,846.50. This benefit is fully funded by the employer, Dow Chemical Company.

_____

[2] *See* Section 204 of the Act, 77 P.S. § 71.

[3] *See* Section 319 of the Act, 77 P.S. § 671.

2

3. The claimant's long term disability is offset by her receipt of Social Security disability benefits by $2,105 and is further reduced by $148 for deductions for medical and dental expenses such that she receives a net monthly long term disability of $1,593.50 fully funded by the employer.

4. In the event of an award of compensation benefits the employer is entitled to an offset against weekly compensation of $367.17 per week.

5. Should the claimant's net monthly benefit change because it changes in her deductions or Social Security disability offset the employer's credit against any worker's [sic] compensation benefits due would similarly be adjusted.

(R.R. at 29a-30a.)

Subsequently, on May 7, 2013, the WCJ issued a decision granting the petitions and acknowledging that:

The parties entered into a stipulation that should the reinstatement and claim petition be granted, the employer is entitled to an offset against weekly compensation of $367.17 per week. The parties also agreed that the offset amount may change depending upon changes in deductions or social security disability offset.

(R.R. at 27a.) As a result, the WCJ awarded Claimant indemnity benefits at a rate of $845 per week, with a credit to Employer of $367.17[4] per week in accordance with their stipulation.

---

[4] There are inconsistencies contained throughout the record as to whether Employer was credited $367.17 or $367.18.

## II.

Pursuant to the WCJ's decision, on May 7, 2013, Employer paid Claimant benefits for the period of April 4, 2011, through April 15, 2013. Soon thereafter, Employer's long-term disability insurance carrier, Liberty Mutual, sent a letter to Claimant informing her that she had been "overpaid in the amount of $34,785.66, for the period of August 8, 2011 through May 7, 2013" and demanded repayment. (R.R. at 4a.) It contended that she was overpaid because, under the policy, it was entitled to offset the workers' compensation benefits against her long-term disability benefits.[5] Effective May 8, 2013, Claimant's long-term disability benefits were reduced to $85.04 a month, and by August 8, 2013, her long-term

---

[5] Liberty Mutual explained to Claimant by letter dated November 25, 2013:

> [A]ccording to the above policy provisions[,] under which [Claimant] received benefits, she is not eligible to receive more than 50% of her pre-disability earnings in combination of all sources of income.
>
> We determine the amount [Claimant] should have been paid monthly, in accordance with her policy, by the following calculation:
>
> - $3,846.50 (monthly gross income) = $2,105.00 (monthly Social Security Disability offset) - $1,656.46 (monthly Workers' Compensation offset) = $85.04.
>
> As you can see from the above calculation, if [Claimant's] Workers' Compensation benefit was not deducted from her Long Term Disability benefits, she would receive greater than the 50% of her pre-disability earnings, as dictated by the policy.
>
> Therefore, based on the Dow Chemical Company policy, and the Workers' Compensation award information contained in her file, [Claimant] has been overpaid in the amount of $34,785.66, for the period of August, 2011 through May 7, 2013.

(R.R. at 3a-4a.)

4

disability benefits were reduced to zero dollars. However, the amount of Claimant's workers' compensation benefits was still offset by the $367.17 per week.

Claimant then filed an offset petition to remove the long-term disability offset. Employer challenged that petition, contending that Claimant was precluded from having the offset removed by *res judicata* and/or collateral estoppel because the offset amount was already stipulated to and the stipulation limited adjustment to "changes in her deductions or Social Security disability offset." (R.R. at 30a.)[6]

After a hearing was held, the WCJ granted Claimant's petition, finding, in relevant part:

> 19. The Judge finds that Claimant's benefits should have increased effective May 8, 2013 in accordance with the Stipulation that was part of the decision of March 27, 2013. Paragraph 4 of that Stipulation provides for an adjustment in the workers' compensation benefits when her long-term disability benefits changed. The Insurer/Employer has not refuted that this adjustment was not made. The Insurer/Employer made the adjustment on August 8, 2013 when long-term disability benefits ceased entirely, but not back to May 8, 2013. Therefore, Claimant is entitled to additional benefits as a result of the adjustment to long-term disability benefits on May 8, 2013 through August 8, 2013.

> * * *

---

[6] On May 8, 2014, Employer filed a termination petition alleging that Claimant had fully recovered from her work-related injuries as of April 10, 2014. After a hearing was held, the WCJ denied Employer's termination petition. Employer did not appeal that portion of the decision to the Board and has not raised issues relating to that denial.

5

21. There has been a substantial change in the amount of long-term disability benefits Claimant **actually** received. Since Claimant is now making restitution of the overpayment, she is effectively repaying all of the long-term disability benefits that the **Employer has taken an offset for under the Act**. The Judge finds Claimant's position accurate that since Claimant is now repaying Liberty Mutual for benefits she received, **the Employer is no longer entitled to its credit of $367.18 for the time period from April 4, 2011 through April 15, 2013**. The decision of the WCJ triggered action by Liberty Mutual which resulted in Claimant making an obligatory repayment.

22. The Employer's argument that Claimant's petition is barred by either res judicata or collateral estoppel is without merit [because] . . . the fact that the long-term disability benefits have to be paid back as a result of the workers' compensation decision, new circumstances exist that were not present at the time of the decision. At the time the parties entered into the Stipulation, the Claim and Reinstatement Petitions were pending. Liberty Mutual was paying Claimant based on the fact that she was not entitled to any workers' compensation benefits.

(Certified Record (C.R.) Item No. 7, Decision of Judge Bachman) (emphases in original). The WCJ then ordered Employer to pay Claimant at the applicable rate from May 8, 2013, through August 8, 2013, when her long-term disability benefits were reduced, and then to pay benefits at the rate of $845 per week after August 8, 2013, when her long-term benefits ceased. Employer appealed to the Board, which affirmed the WCJ's decision finding that the issue of credit for long-term disability

benefits was not essential to the judgment in the previous decision. Employer then filed this petition for review.[7]

## III.

On appeal, Employer does not contend that Claimant is receiving $367.17 less per week than she is entitled to in workers' compensation benefits because long-term disability benefits are no longer being paid. While that may be so, Employer contends that the amount Claimant stipulated to for long-term disability payments cannot be challenged in an offset petition because such a challenge is barred by *res judicata* and/or collateral estoppel because the offset amount was already stipulated to and adopted in a previous WCJ decision that explicitly limited adjustment to "changes in her deductions or Social Security disability offset." (R.R. at 30a.)

The umbrella of *res judicata* includes technical *res judicata*[8] or claim preclusion, and collateral estoppel or issue preclusion. *Weney v. Workers'*

---

[7] Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. *Repash v. Workers' Compensation Appeal Board (City of Philadelphia)*, 961 A.2d 227 (Pa. Cmwlth. 2008).

[8] In *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008), *appeal denied*, 971 A.2d 494 (Pa. 2009), we detailed the criteria necessary to establish technical *res judicata*:

> Under the doctrine of technical res judicata, often referred to as claim preclusion, 'when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded.' [*Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001).] In order for technical

**(Footnote continued on next page…)**

7

*Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008), *appeal denied,* 971 A.2d 494 (Pa. 2009). When invoking collateral estoppel, the following elements must be satisfied:

> 1) **the issue decided in the prior case must be identical to the issue in the present case**; 2) there was a final judgment on the merits; 3) **the issue must be essential to the judgment**; 4) the party against whom the estoppel is asserted must have had a full and fair chance to litigate on the merits; and 5) the party against whom the estoppel is asserted must be a party or in privity with a party in the prior case.

*Department of Transportation v. Martinelli*, 563 A.2d 973, 976 (Pa. Cmwlth. 1989) (emphases added).

Assuming that *res judicata* or collateral estoppel apply, Employer's argument is that the stipulation incorporated into the WCJ decision, which offset $367.17 from Claimant's workers' compensation benefits for long-term disability

---

**(continued…)**

> res judicata to apply, there must be: '(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the person and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.' *Id.* at 366. Technical res judicata may be applied to bar 'claims that were actually litigated as well as those matters that *should have been* litigated.' *Id.* [. . .] 'Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings.' *Id.*

(Emphasis in original).

benefits, was fixed and cannot be changed. What that ignores is that the credit Employer was to receive was contingent on Claimant "receiv[ing] long term disability benefits." (R.R. at 2a, paragraph 2.) Once long-term benefits ceased, the contingency upon which the offset was required no longer existed.

In any event, *res judicata* or collateral estoppel does not preclude Claimant from bringing the offset petition. Employer's entitlement to offset for disability payments was never at issue in the proceeding that sought reinstatement of benefits because her condition worsened and a review petition was filed to add additional injuries. The stipulation filed in that proceeding does not touch on any of those issues and is more of a housekeeping measure to provide the WCJ with a calculation of the amount that Employer by law was entitled to take as an offset. Claimant's offset petition then does not involve identical legal or factual issues because it only dealt with her claim to stop Employer from taking the offset once the long-term disability payments stopped.

Accordingly, for the foregoing reasons, the Board's order is affirmed.[9]

_____
DAN PELLEGRINI, Senior Judge

---

[9] For the first time on appeal and without citing any supportive case law, Employer contends that the WCJ lacked jurisdiction to grant Claimant's offset petition because "Claimant's true dispute was with Liberty Mutual, not the Employer . . . [because] [t]he facts show that Claimant's whole challenge and argument arose solely from her conflict with Liberty Mutual." (Employer's Brief at 20-21.) Employer's contention is wholly meritless. Claimant properly filed her offset petition after Employer's long-term disability insurance carrier adjusted Claimant's benefits, and the WCJ clearly has the authority to adjust the imposed offset in light of new conditions.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dow Chemical Company, :
        Petitioner :
  :
      v. : No. 59 C.D. 2017
  :
Workers' Compensation Appeal :
Board (Morrow), :
        Respondent :


# **O R D E R**


AND NOW, this 20th day of July, 2017, it is hereby ordered that the order of the Workers' Compensation Appeal Board dated December 23, 2016, is affirmed.


_____

DAN PELLEGRINI, Senior Judge