William **FRENCH,** Jr., Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (FOSTER WHEELER ENERGY CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 17, 1999.

Decided Jan. 28, 2000.

Brian J. Lenahan, Scranton, for petitioner.

Michael A. Brady, Honesdale, for respondent.

Before PELLEGRINI, J.,
FRIEDMAN, J., and RODGERS, Senior
Judge.

RODGERS, Senior Judge.

William French, Jr., (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board that affirmed a determination by a workers' compensation judge's (WCJ) denying Claimant's reinstatement petition. We affirm.

Claimant sustained an injury to his right knee on August 23, 1978, while employed by Foster Wheeler Corporation (Employer) and began receiving total disability benefits. In 1982, Employer filed a petition to modify benefits, which was granted by a referee and affirmed by the Board. As a result, Claimant received partial disability benefits. In January of 1989, Claimant filed a petition to reinstate his total disability benefits; however, a referee dismissed the petition and the Board

again affirmed. Thus, Claimant continued to receive partial disability benefits until they expired at the end of 500 weeks pursuant to Section 306(b) of the Workers' Compensation Act (Act).[1]

On February 7, 1994, Claimant filed the petition to reinstate total disability benefits that is at issue in the present appeal. Nine hearings were held during the period from April 27, 1994 through October 10, 1997.[2] Claimant testified on his own behalf at a number of the hearings, but failed to submit any medical evidence despite the WCJ's advice that medical evidence was needed "to support his assertion that his condition had changed or deteriorated to such an extent that he was now totally disabled." (WCJ's decision, Finding of Fact No. 5, p. 3). Employer presented no evidence. Based on the limited record,[3] the WCJ concluded that:

> 2. Because the Claimant has failed to meet his burden of proof and present any medical evidence showing that his condition has deteriorated or progressed to total disability his Petition for Reinstatement should be dismissed.

(WCJ's decision, p. 3). Claimant appealed to the Board, which affirmed.

On appeal to this Court,[4] Claimant argues that the Board erred because its decision was not based on substantial evidence. Claimant recognizes that pursuant to *Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.)*, 651 A.2d 1178 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 540 Pa.

---

1. Act of June 2, 1915, P.L. *as amended*, 77 P.S. § 512.

2. Claimant was represented by counsel at some of the hearings, but not at others. His appeal to the Board was filed *pro se*, but he again retained counsel for his appeal to this Court.

3. Other than transcripts of Claimant's testimony, the record contains three documents, two authored by Michael C. Raklewicz, M.D., and one authored by Dorothy A. Farrell, M.D. One of Dr. Raklewicz's notes recognizes Claimant's back pain and the doctor's inten-

tion to refer Claimant to the Johns Hopkins' pain clinic. Dr. Farrell's note implements the referral and Dr. Raklewicz's other note memorializes a prescription for Tylenol 3 phoned into a pharmacy.

4. Where the burdened party is the only party to present evidence and does not prevail before the agency, our scope of review is whether the agency erred as a matter of law or capriciously disregarded competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

642, 659 A.2d 561 (1995), he has the burden of proof when seeking reinstatement of total disability benefits following the expiration of the 500 weeks of partial disability benefits. Specifically, Claimant contends that his own uncontradicted testimony that his condition had worsened to the point where he was totally disabled as a result of his work-related injury was sufficient to support a finding of total disability. We disagree.

As in the matter before us, the claimant in *Diffenderfer* sought total disability benefits after the exhaustion of his partial disability benefits. The *Diffenderfer* court quoted *Meden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 167 Pa.Cmwlth. 68, 647 A.2d 620, 623 (1994), *petition for allowance of appeal denied*, 540 Pa. 624, 657 A.2d 494 (1995), wherein the court stated that:

> [A] claimant who has exhausted his or her partial disability benefits and seeks benefits for total disability, has the burden of proving that his or her disability, that is, loss of earning power, has increased, not just that his or her medical condition has worsened.

Moreover, the *Diffenderfer* court opined that this type of situation is analogous to a "termination." The court stated:

> [I]t is clear that if partial disability benefits are paid, they are paid for 500 weeks only . . . and after those benefits are exhausted, that ends the employer's liability *for that disability* . . . . Since [c]laimant can no longer receive partial disability benefits as a matter of law, he has the burden of proving that he is further entitled to total disability benefits . . . and he is only entitled to total disability benefits if he has suffered a complete loss of earning power from his present position . . . through either a new injury or an aggravation of his old injury.

*Id.* at 1181 (emphasis in original).

Neither party has cited any cases nor has our own research revealed any cases that specifically state that medical evidence is required to carry a claimant's burden in this situation. However, we rely on language from *Klingler v. Workmen's Compensation Appeal Board*, 50 Pa. Cmwlth. 335, 413 A.2d 432 (1980), another case in which a claimant's partial disability benefits were exhausted and the claimant filed a modification petition alleging a recurrence of total disability. The *Klingler* court stated that the claimant's "proof must be made 'by precise and credible evidence which [is] of a more definite and specific nature than that upon which initial compensation is based.'" *Klingler*, 413 A.2d at 434 (quoting *Pittsburgh Des Moines Steel Co. v. Workmen's Compensation Appeal Board*, 31 Pa.Cmwlth. 530, 377 A.2d 833, 835 (1977)).

We also rely on *Barnett v. Workers' Compensation Appeal Board (Paul Riggle & Sons)*, 718 A.2d 901 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 559 Pa. 680, 739 A.2d 544 (1999), a case in which a claimant on partial disability benefits was fired for refusing mandatory drug testing. While the claimant continued to receive partial disability benefits, he filed a reinstatement petition, alleging total disability. Since in *Barnett* the burden of proof required evidence that the claimant could no longer perform even the light-duty job he had been performing, the court reviewed the medical evidence concluding that that evidence did not establish "the requisite *change* in the degree of partial disability such that he would be eligible for total disability benefits." *Id.* at 903 (emphasis in original). The court held that "[w]ithout unequivocal medical evidence proving that claimant could no longer perform his modified duty position, claimant is not entitled to reinstatement of total disability benefits." *Id.*

Here, Claimant testified about his alleged worsening condition and his inability to work; however, the WCJ did not formulate any findings with regard to that testimony. The WCJ only acknowledged that Claimant had testified and reiterated the

advice given to Claimant to secure medical evidence. Although the WCJ's decision could have provided some detail concerning Claimant's testimony, it is evident that the WCJ was not persuaded that Claimant's medical condition had worsened on the basis of Claimant's testimony alone. Following our review of Claimant's testimony, we concur. Just as in *Barnett*, Claimant's testimony is not enough, despite the difference in the procedural aspects of the two cases. A reinstatement to total disability after the exhaustion of partial benefits requires no less of a burden than in a situation where a claimant is still receiving partial disability benefits after he has been fired.

By failing to submit supporting medical testimony, Claimant did not carry his burden of proof. We, therefore, conclude that the WCJ did not err in dismissing Claimant's reinstatement petition.

Accordingly, we affirm.

## ORDER

NOW, January 28, 2000, the order of the Workers' Compensation Appeal Board, at No. A97–4880, dated May 27, 1999, is affirmed.