Harry G. KISER, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (WELESKI TRANS-
FER, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 2002.

Decided Oct. 31, 2002.

Michael A. Johnson, Mt. Pleasant, for petitioner.

Gerald W. Yanity, Latrobe, for respondent.

Before PELLEGRINI, Judge, LEAVITT, Judge, KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Harry G. Kiser (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the workers' compensation judge (WCJ) denying Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition), Petition to Review Compensation Benefits (Review Petition) and Petition for Penalties (Penalty Petition). We affirm in part, vacate in part and remand for proceedings consistent with this opinion.

On September 22, 1988, Claimant sustained a work-related injury while in the course and scope of his employment with Weleski Transfer, Inc. (Employer). Pursuant to a Notice of Compensation Payable dated October 27, 1988, which described Claimant's injury as a "lumbar strain," Claimant received workers' compensation benefits for total disability from October 10, 1988 through to and including October 17, 1988. Claimant's benefits were suspended as of October 18, 1988, when he returned to work in a light-duty position, at wages equal to or greater than his pre-injury wage. Over the years, Claimant's disability status periodically changed. Pursuant to various supplemental agree-

ments executed by the parties, Claimant's benefits were either suspended when Claimant returned to light duty work with no loss of earning power or reinstated when Claimant's disability recurred during the period from October 18, 1988 through August 22, 1999.

On March 6, 2000, Claimant filed a Reinstatement Petition alleging that he was entitled to return to total disability as of March 8, 2000 due to a "worsening of condition and injury causing decreased earning power given that Claimant is disabled from performing his regular job." Employer filed an answer denying the allegations and averred that Claimant's Reinstatement Petition was untimely as the petition was not filed within 500 weeks of the initial suspension of October 18, 1988 as required by the Workers' Compensation Act (Act).[1]

In addition to the Reinstatement Petition, Claimant filed Review and Penalty Petitions, alleging that Employer failed to pay partial disability benefits for various periods from 1989 through 1996 in the amount of $21,320.61. Claimant requested the payment of underpaid partial disability benefits plus statutory interest at 10%, penalties at 50% and attorney fees. Employer filed an answer to both petitions denying the material allegations contained therein. Hearings before the WCJ then ensued on all the petitions. At the hearing, the WCJ and the parties agreed that the parties would not submit deposition or live medical or other testimony until the WCJ issued a preliminary ruling as to whether Claimant's petitions were time-barred, specifically, whether Claimant could prevail in a post five hundred week

case under any theory or upon any medical showing.

Based upon the evidence presented,[2] the WCJ found that various periods between October 18, 1988 through December 5, 1988; June 13, 1989 through November 28, 1990; January 18, 1991 through August 12, 1999; and August 23, 1999 through March 8, 2000, were considered to be periods of suspension of Claimant's benefits. The WCJ found that Claimant's combined periods of disability and suspension totaled 529 weeks. The WCJ found that Claimant's petitions were filed after the statutory 500-week period for partial disability had expired.

The WCJ made the following conclusions. The calculation of the 500-week period in which compensation for total disability or partial disability could resume starts on the date that benefits were first suspended or the date that Claimant received benefits for partial disability. Periods of suspension are included with periods where partial disability was paid in calculating the 500-week period. Claimant is not entitled to a second 500-week period. The period for which Claimant is entitled to benefits for partial disability is determined by statute. The statutory period of entitlement cannot be changed by the language of a supplemental agreement. Claimant may not seek the payment of penalties for Employer's failure to pay benefits if Claimant did not pursue his request for partial disability benefits within the period set by the applicable statute of limitations. By order dated October 13, 2000, the WCJ denied Claimant's petitions.[3] Claimant appealed to the Board,

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4; 2501–2626.

2. In rendering his decision, the WCJ considered the Notice of Compensation Payable,

statements of wages, supplemental agreements and insurer's payment records.

3. As the WCJ determined that Claimant's petitions were time-barred, no further hearings

which affirmed. Claimant now petitions for review with this Court.[4] Claimant has raised the following issues for our review:

1. Whether the WCJ erred in finding that Claimant's Petitions are time barred where Claimant made a *prima facia* showing that his condition worsened and he was unable to perform his modified duty job and where Claimant was not afforded an opportunity to produce medical testimony to establish that his condition had worsened and there was no work available within his medical restrictions.

2. Whether the WCJ erred in failing to provide Claimant an opportunity to establish through medical testimony that Claimant has no earning power whatsoever and thus is entitled to have his temporary total disability benefits reinstated.

3. Whether the WCJ erred in failing to find that Claimant was given a new five hundred week period in which to reinstate temporary total disability when Claimant was reinstated on August 13, 1999, or alternatively, that Claimant had an additional three year period from the last date of payment in which to file a Reinstatement petition.

4. Whether the WCJ erred in dismissing Claimant's Review and Penalty Petitions for unpaid total disability benefits, even assuming *arguendo* that Claimant's Reinstatement Petition is untimely, given that there is no statute of limitations or statute of repose for a review or penalty peti-

tion and given that there is no evidence in the record and no finding by the WCJ that the doctrine of "laches" should apply.

Claimant contends that the WCJ erred in concluding that Claimant's Reinstatement Petition was time-barred. We agree.

The relevant statutory provisions are Sections 306(b) and 413 of the Act, 77 P.S. § 512 and 77 P.S. § 772(a). Section 413 of the Act imposes a statute of repose whereby a reinstatement petition, for partial disability benefits, must be filed within the period for which partial disability is payable in order to be considered timely filed. Specifically, Section 413 provides in pertinent part:

That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed *at any time during the period for which compensation for partial disability is payable,* unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772 (Emphasis added). Section 306(b)(1) of the Act provides "[t]his compensation shall be paid during the period of such partial disability ... but for not more than five hundred weeks." 77 P.S. § 512(1). "Should total disability be followed by partial disability, the period of five hundred weeks shall not be reduced by the number of weeks during which compensation was paid for total disability." *Id.*

---

were conducted, and no further testimony or evidence was entered in the record.

**4.** This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, whether there has

been a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

 The five-hundred week period in which a claimant has to file a petition for reinstatement of benefits begins to run on the date *total* disability benefits are initially suspended. *Cicchiello v. Workers' Compensation Appeal Bd. (Frank L. Markel Corp.),* 761 A.2d 210, (Pa.Cmwlth.2000), *petition for allowance of appeal denied,* 566 Pa. 649, 781 A.2d 148 (2001). In calculating this five hundred week period, this Court has held that periods of suspension are included with periods where partial disability benefits are paid. *Id.* Thus, the period during which a claimant is eligible to receive *partial* disability benefits is capped at approximately nine and one-half years. *Id.* Additionally, a claimant seeking to review, modify or reinstate workers' compensation benefits must do so within three years of the most recent payment of compensation under Section 413 of the Act.

Recently, our Supreme Court has held that the expiration of 500–week period during which a claimant retains eligibility to receive workers' compensation for *partial disability* does not foreclose a subsequent claim for *total disability* upon a deterioration of claimant's physical condition. *Stanek v. Workers' Compensation Appeal Board (Greenwich Collieries),* 562 Pa. 411, 756 A.2d 661 (2000); *Stewart v. Workers' Compensation Appeal Board (Pa Glass Sand/US Silica),* 562 Pa. 401, 756 A.2d 655 (2000). "The availability of a post–500–week claim for total disability ... not only results from a straightforward, plain-meaning interpretation of the relevant statutory provision, but also is consistent with the remedial purpose and humanitarian objective of the Act." *Stew-*

*art,* 562 Pa. at 408–409, 756 A.2d at 659. The Supreme Court added:

> Significantly, an employee with a fixed and stable, but partially-disabling, condition may receive the protection of a substantial period of subsidy (approximately nine and one-half years), within which to adjust to his disability and maximize his earning capacity consistent with his physical limitations. At a minimum, assuming no worsening of the employee's condition, the employee retains his physical capacity to generate the amount of earnings previously subject to supplementation. *The same cannot be said, however, where an employee's condition deteriorates to the point of total disability, or work within the claimant's restrictions ceases to be available, such that the employee no longer retains the ability to support himself and his dependents in any fashion.*

*Id.* at 409, 756 A.2d at 659 (emphasis added).[5]

 Entitlement to total disability benefits after the expiration of 500 weeks requires proof of a *worsening of condition.* *Stanek; French v. Workers' Compensation Appeal Board (Foster Wheeler Energy Corporation),* 745 A.2d 92, 94 (Pa.Cmwlth. 2000). Where a modification or reinstatement petition is filed beyond the 500–week period of eligibility for compensation for partial disability, a claimant must establish his total disability by precise and credible evidence of a more definite and specific nature than that required to obtain compensation initially for modification within the 500–week period. *Stanek.*

---

**5.** While an employer's obligations to an employee suffering from a total disability may remain substantial despite a significant passage of time, the requirement that a claimant must still file a reinstatement or modification petition within the three-year limitation, com- mencing upon the date of the most recent payment of compensation, may inure to the benefit of employers in some cases involving delayed claims. Section 413 of the Act; *Stewart.*

Additionally, a claimant who has exhausted his or her partial disability benefits and seeks benefits for total disability must demonstrate that his or her disability, i.e., loss of earning power, has increased, not just that his or her medical condition has worsened. *French;*[6] *Diffenderfer v. Workmen's Compensation Appeal Bd. (Rabestos Manhatten, Inc.),* 651 A.2d 1178 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* 540 Pa. 642, 659 A.2d 561 (1995). A claimant must establish that he or she has no ability to generate earnings (or a "zero earning capacity"), since partial disability benefits are no longer available to that claimant. *Stanek.* Where the claimant is working until the time period for which total disability benefits are sought, the claimant must establish, by clear and precise evidence, that his increased, work-related impairment has precluded continuation of such light duty employment. *Id.* The burden to prove the availability of employment consistent with the claimant's physical limitations will then shift to the employer. *Id.*

While a claimant can seek reinstatement of total disability benefits in the post 500 week period, we caution, however, that a claimant cannot relitigate the cessation of compensation under the guise of a petition for reinstatement. *Stanek.* "[A] post–500–week claim may not be used to overcome the effect of the statutory limit on eligibility for partial disability benefits." *Id.* at 424–425, 756 A.2d at 668. "[I]f it were otherwise, partial disability benefits

would continue *ad infinitum,* obliterating the finite nature of those benefits imposed under Section 306(b)." *Id.* at 425, 756 A.2d at 668 (quoting *Diffenderfer,* 651 A.2d at 1180). Our Supreme Court explained that "in capping an employer's liability for partial disability benefits, it seems plain that the General Assembly did not intend serial petitions based on incremental changes in medical, or fluctuations in the job market." *Id.*

In the case before us, the WCJ found that Claimant's partial disability and periods of suspension equaled 529 weeks. The WCJ properly concluded that Claimant exhausted his eligibility for partial disability benefits. Upon finding that Claimant was beyond the 500–week period, the WCJ concluded that Claimant's petitions were time-barred. In this regard, the WCJ erred. Claimant filed a Reinstatement Petition seeking the "return to *total disability* due to *worsening of condition* and injury causing *decreased earning power given that Claimant is disabled from performing regular job duty* and Employer concedes that it cannot make available to Claimant employment within Claimant's medical restrictions." R.R. at 1a (emphasis added). Claimant filed his Reinstatement Petition within three years after the final payment under the parties' supplemental agreement for compensation. Although Claimant's eligibility for partial disability had expired, Claimant is not barred from pursuing his claim for reinstatement

---

6. In *French,* the claimant, while receiving partial disability benefits, filed a reinstatement petition, alleging total disability. We held that the claimant's burden of proof required evidence that the claimant could no longer perform even the light-duty job he had been performing. Upon reviewing the medical evidence presented, we concluded that the claimant did not establish the requisite change in the degree of partial disability such that he would be eligible for total disability

benefits. *French,* 745 A.2d at 94. We stated that "[w]ithout unequivocal medical evidence proving that claimant could no longer perform his modified duty position, claimant is not entitled to reinstatement of total disability benefits." *Id.* (quoting *Barnett v. Workers' Compensation Appeal Board (Paul Riggle & Sons),* 718 A.2d 901, 903 (Pa.Cmwlth.1998), *petition for allowance of appeal denied,* 559 Pa. 680, 739 A.2d 544 (1999)).

of total disability. The WCJ, upon determining that Claimant was within the post 500 week period, precluded Claimant from presenting any evidence to demonstrate that his condition has worsened to the point of total disability precluding him from employment. While the Board properly states in its opinion that "once the 500 week period of partial has run, the Claimant must demonstrate total disability from all gainful employment—a zero earning potential," Claimant was never afforded the opportunity to present such evidence. Although the Board infers that Claimant sought reinstatement of benefits not because of a total disability, or inability to work, but rather because Claimant's job was eliminated, this is a credibility determination for the WCJ to make following the close of all of the evidence. Thus, in light of our Supreme Court's decisions in *Stewart* and *Stanek,* we conclude that the WCJ erred by holding that Claimant's Reinstatement Petition for the reinstatement of *total* disability benefits was time barred by Sections 413 and 306(b) of the Act and by failing to provide Claimant an opportunity to establish that his condition has worsened and that he has no earning power.[7]

Claimant also contends that the WCJ erred in dismissing Claimant's Review and Penalty Petitions as untimely as there is no statute of limitations or statute of repose for a review or penalty petition and no finding by the WCJ that the doctrine of "laches" should apply. We disagree.

In *Shannon v. Workmen's Compensation Appeal Board (City of Erie—Fire Department),* 691 A.2d 1010 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 731, 702 A.2d 1062 (1997), a claimant filed a petition for past due compensation, interest and penalties. The claimant had been initially adjudicated entitled to benefits by the WCJ and the Board and Employer did not seek a supersedeas. Despite this award, the claimant did not file her petition until one and a half years after this Court ultimately overturned the Board's decision granting benefits. Although the claimant was entitled to benefits, this Court determined that the claimant had forfeited that entitlement by delaying her application for benefits. Moreover, this Court has held that the doctrine of laches is available in administrative proceedings where no time limitation is applicable, where the complaining party failed to exercise due diligence in instituting an action and where there is prejudice to the other party. *Mitchell v. Workers' Comp. Appeal Board (Devereux Foundation),* 796 A.2d 1015 (Pa.Cmwlth.2002).

■ Herein, on March 6, 2000, Claimant filed a Review and Penalty Petition asserting that Employer failed to pay partial disability benefits due Claimant from 1989 through 1996. Claimant failed to assert any such claims during the years in question or during the 500 week period of eligibility for partial disability benefits. Moreover, Claimant waited four years from the date of the last alleged underpayment to file his petitions. Having failed to act with due diligence in pursuing such claims, Claimant has forfeited any entitlement to these benefits, if owed. We, therefore, conclude that the WCJ properly determined that Claimant's Review and Penalty Petitions are time-barred.

Accordingly, the order of the Board is affirmed in part and vacated in part. This case is remanded to the Board with in-

---

**7.** We note that the WCJ held hearings on April 14, 2000 and August 4, 2000 and issued an order on October 13, 2000. The Supreme Court filed *Stanek* and *Stewart* on June 14, 2000.

structions to remand the case to the WCJ for further proceedings consistent with this opinion.

### ORDER

AND NOW, this *31st* day of *October,* 2002, the order of the Workers' Compensation Appeal Board is affirmed in part and vacated in part and this case is remanded to the Workers' Compensation Appeal Board to remand to the workers' compensation judge for proceedings consistent with this opinion.

Jurisdiction relinquished.