# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark E. Rawlins, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1736 C.D. 2019 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Praxair Inc.), | : | |
| Respondent | : | |
| | | |
| Praxair Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1747 C.D. 2019 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Rawlins), | : | |
| Respondent | : | |

**PER CURIAM**                    **O R D E R**

**NOW**, September 15, 2021, upon consideration of the "Application for Reargument or Reconsideration *En Banc*" (Application) filed by Mark E. Rawlins (Claimant) and Praxair Inc.'s (Employer) answer opposing same, the Application is **GRANTED IN PART**. Page 22, IV. CONCLUSION, of the Court's Memorandum Opinion filed July 22, 2021, is amended to read as follows:

> In summary, ordinarily, a claimant who has been actively litigating an
> IRE is entitled to reinstatement as of the date of the IRE, and a claimant
> who subsequent to *Protz II* seeks reinstatement on the basis of that
> opinion is entitled to reinstatement only as of the date of the
> reinstatement petition.  However, where a claimant, such as the one

here, stipulates as to the change in disability status, the claimant cannot simply testify that his disability is ongoing as provided in *Whitfield*. Because Claimant did not meet his burden of proof establishing that he was entitled to reinstatement to total disability status, we agree with Employer that the Board erred in reinstating Claimant to total disability. Accordingly, we vacate the Board's Order. However, because this matter involves a question of first impression, the Court remands this matter for further proceedings at which the parties can present evidence as to whether Claimant's earning power is adversely affected by the work injury, pursuant to *Sladisky*.

The Court's Order, also dated July 22, 2021, is amended to read:

**NOW**, July 22, 2021, the Order of the Workers' Compensation Appeal Board is **VACATED,** and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

The Application is otherwise **DENIED**.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark E. Rawlins,                          :
                        Petitioner        :
                                          :
            v.                            :   No. 1736 C.D. 2019
                                          :
Workers' Compensation Appeal              :
Board (Praxair Inc.),                     :
                        Respondent        :


Praxair Inc.,                             :
                        Petitioner        :
                                          :
            v.                            :   No. 1747 C.D. 2019
                                          :   Argued:  June 7, 2021
Workers' Compensation Appeal              :
Board (Rawlins),                          :
                        Respondent        :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
            **HONORABLE MICHAEL H. WOJCIK,** Judge
            **HONORABLE ELLEN CEISLER,** Judge


<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  July 22, 2021**


Presently before the Court are cross-petitions for review of a November 8, 2019 Order of the Workers' Compensation Appeal Board (Board), which affirmed an April 12, 2019 Decision of a Workers' Compensation Judge (WCJ), granting a Reinstatement Petition filed by Mark E. Rawlins (Claimant).  Claimant challenges the Order on the basis that it improperly reinstated him from partial to total disability status as of October 31, 2018, the date he filed the Reinstatement Petition, instead of

November 16, 2014, the date his disability status changed after undergoing an unconstitutional impairment rating evaluation (IRE). Praxair Inc. (Employer) challenges the Board's Order arguing Claimant's status should not have been reinstated at all because Claimant's status was the result of a stipulation, not an unconstitutional IRE, and Claimant did not satisfy his burden of proof to warrant reinstatement under the current state of the law.

## I. BACKGROUND

The relevant facts of this matter are not in dispute. On August 17, 2011, Claimant suffered a work-related injury. (WCJ April 12, 2019 Decision, Finding of Fact (2019 FOF) ¶ 2.) On June 2, 2015, the WCJ granted Employer's modification petition and modified Claimant's disability status from total to partial disability based upon the parties' stipulation (Stipulation). (2019 FOF ¶ 3; WCJ June 2, 2015 Decision, FOF (2015 FOF) ¶ 3.)

The Stipulation, which was incorporated into the WCJ's June 2, 2015 Decision, provided as follows. Claimant collected more than 104 weeks of total disability benefits. (Stipulation ¶ 2.) Claimant reached maximum medical improvement (MMI). (*Id.* ¶ 3.) Employer requested an IRE, and the Bureau of Workers' Compensation designated a physician to perform one. (*Id.* ¶¶ 4-5.) On November 6, 2014, Claimant underwent an IRE, which was performed using the Sixth Edition of the American Medical Association's "*Guides to the Evaluation of Permanent Impairment*" (*Guides*) and revealed a whole person impairment rating of eight percent. (*Id.* ¶¶ 6, 8.) Accordingly, "[t]he parties agree[d] that . . . Claimant's benefit status should be modified from total disability to partial disability effective November 6, 2014, which was the date of the I[RE,]" and that Employer's modification petition should be granted. (*Id.* ¶¶ 9-10.) The Stipulation concluded

2

by stating "Claimant, with benefit of counsel, [wa]s aware of the impact that these stipulated facts, if approved by the [WCJ], w[ould] have on his present[,] as well as future rights under the Pennsylvania Workers' Compensation Act [(WC Act)[1]]." (*Id.* ¶ 13.)

In 2017, the Pennsylvania Supreme Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)* (*Protz II*), 161 A.3d 827 (Pa. 2017), which declared now former Section 306(a.2) of the WC Act, *former* 77 P.S. § 511.2,[2] unconstitutional. Section 306(a.2) governed the IRE process. The Supreme Court reasoned Section 306(a.2) was an unconstitutional delegation of legislative authority and struck the entirety of Section 306(a.2) from the WC Act.

Thereafter, Claimant filed the Reinstatement Petition, seeking reinstatement to total disability status as of November 6, 2014, the date of the IRE. (2019 FOF ¶ 6; Reproduced Record (R.R.) at 1a.) The WCJ conducted a hearing at which Claimant testified and the parties presented their arguments. Claimant testified that he continues to suffer from pain related to the work injury and is unable to return to full-duty work. (R.R. at 23a.) In opposition to the Reinstatement Petition, Employer presented the deposition testimony of Robert W. Mauthe, M.D., a board-certified physiatrist. Dr. Mauthe performed an independent medical examination (IME) in June 2015 and another IME in January 2019. (*Id.* at 40a-41a.) According to Dr. Mauthe, Claimant reached MMI and, at the time of the second IME, was not fully recovered but was not totally disabled, meaning he could work with restrictions. (*Id.* at 44a-45a.)

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.
[2] Former Section 306(a.2) was added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2.

Based upon the evidence presented, the WCJ granted the Reinstatement Petition. In doing so, the WCJ found Claimant timely filed the Reinstatement Petition, as he was still receiving partial disability benefits at the time, and, therefore, his Reinstatement Petition was filed within three years of the most recent payment, as required by this Court in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018). (2019 FOF ¶ 8.) In addition, the WCJ found Claimant's testimony about his continuing disability credible, as it was supported by Dr. Mauthe's testimony that Claimant was not fully recovered and needed work restrictions. (*Id.* ¶¶ 9, 11-12.) Thus, the WCJ found Claimant satisfied his burden of proof under *Whitfield*. (*Id.* ¶ 13.) The WCJ further found that Employer did not seek to obtain a new IRE under Act 111,[3] which had gone into effect one week before Claimant filed the Reinstatement Petition. (*Id.* ¶ 10.) Act 111 repealed the unconstitutional IRE provision found in former Section 306(a.2) and replaced it with a new IRE provision, Section 306(a.3), 77 P.S. § 511.3, that was virtually identical in substance to the former provision.[4] The WCJ found that Employer did not comply with the procedural requirements of Act 111 and instead was trying to rely on the 2014 IRE, but "there [wa]s no basis for any retroactive application of Act 111 to an evaluation performed prior to the passage of Act 111." (2019 FOF ¶ 10.) Accordingly, the WCJ granted Claimant's Reinstatement Petition and reinstated Claimant to total disability status as of October 31, 2018, which was the date Claimant filed the Reinstatement Petition.

Both Claimant and Employer appealed the WCJ's Decision to the Board, which affirmed. The Board, citing *Whitfield*, determined Claimant's total disability status was properly reinstated as of the date of the Reinstatement Petition. (Board

---

[3] Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. § 511.3.

[4] The two distinctions are discussed more fully below.

4

Opinion (Op.) at 3.) The Board also rejected Claimant's argument that because Employer never filed a Notice of Change in Workers' Compensation Disability Status/LIBC Form 764 (Notice of Change Form), the change in status was void. The Board explained that Claimant's status was changed as a result of the Stipulation, which was then incorporated into the WCJ's June 2, 2015 Decision that was never appealed and became final. (*Id.* at 3 n.3.) The Board likewise rejected Employer's arguments that Claimant waived the ability to challenge the IRE on constitutional grounds and that Claimant was required to show a whole person impairment rating of greater than 35% under Section 306(a.3)(4). Relying again on *Whitfield*, the Board reasoned that Claimant had to seek reinstatement within three years of the last payment of compensation, which Claimant did. (Board Op. at 4.) Furthermore, similar to the WCJ, the Board found Act 111 did not apply since Claimant's disability status had been converted under former Section 306(a.2). (*Id.* at 4-5.)

Claimant and Employer filed cross-petitions for review.[5]

## II. PARTIES' ARGUMENTS[6]

### A. *Claimant's Petition for Review*

Claimant argues it was error to reinstate him to total disability status only as of the date of his Reinstatement Petition. He argues he is entitled to reinstatement as of the date of the original change in status – November 6, 2014 – for two reasons. First, he asserts that the Supreme Court in *Protz II* declared Section 306(a.2) unconstitutional in its entirety and Act 111 repealed the section. As a result,

---

[5] Employer previously filed an Application for Supersedeas on Appeal, which this Court denied by Order dated March 23, 2020.

[6] Our review is limited to determining to whether constitutional rights were violated, errors of law were committed, or necessary findings of fact are supported by substantial evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

5

Claimant asserts the modification was a nullity and Employer should not receive credit for the 208 weeks Claimant received partial disability benefits because to so provide would violate the Remedies Clause of article I, section 11 of the Pennsylvania Constitution.[7] Second, Claimant argues that because Employer never issued the Notice of Change Form, Claimant's status was never "solemnized," and, therefore, he is entitled to reinstatement on this basis, as well. (Claimant's Brief (Br.) at 16.)

In response, Employer argues the IRE was not a legal nullity because Claimant was not actively litigating the validity of the IRE at the time the Supreme Court issued its decision in *Protz II*. Thus, consistent with this Court's holding in *Whitfield* and the Supreme Court's holding in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)* (*Dana Holding II*), 232 A.3d 629 (Pa. 2020), the IRE was not nullified since it was not in litigation throughout. Employer argues no court has determined that a claimant is automatically entitled to reinstatement as of the date of the IRE. As for the lack of a Notice of Change Form, Employer asserts this does not warrant reinstatement. According to Employer, the purpose of the Notice of Change Form is to provide claimants with notice of an employer's intention to seek a change in disability status. Here, Employer asserts, Claimant was aware of the proposed change in status as evidenced by the Stipulation.

---

[7] The Remedies Clause provides:

> All courts shall be open; and **every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law**, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in cases as the Legislature may by law direct.

PA. CONST. art. I, § 11 (emphasis added).

6

Thus, any failure to issue the form is harmless. In addition, Employer argues Claimant did not preserve this issue as he did not appeal the WCJ's June 2, 2015 Decision adopting the Stipulation and modifying Claimant's disability status. Finally, similar to Claimant, Employer argues the Remedies Clause supports its position, maintaining it has a vested right in the 208 weeks of temporary partial disability benefits paid for which it should receive credit.

B.    *Employer's Petition for Review*

In support of its cross-petition for review, Employer argues Claimant's disability status should not have been reinstated at all. Employer asserts *Whitfield* is inapplicable because Claimant's Reinstatement Petition was filed after Act 111 went into effect. Therefore, the concern that the Court expressed in *Whitfield*, the lack of recourse for a claimant whose disability status was altered, is not implicated because Act 111 provides a method for a claimant to seek reinstatement through Section 306(a.3)(4). Under that section, Employer maintains Claimant would have had to establish his whole person impairment rating was greater than 35% in order to sustain his burden of proof, which he did not do.

Employer also argues that Claimant's change in disability status was not a result of an unconstitutional IRE but the result of the Stipulation, which is another reason *Whitfield* does not apply. Employer cites *Hrivnak v. Workers' Compensation Appeal Board (R&L Development)*, 791 A.2d 1281 (Pa. Cmwlth. 2002), for the proposition that a stipulation is unaffected even by a change in the law. Employer also argues that the Stipulation is the law of the case and that Claimant is barred by res judicata and collateral estoppel from challenging it. According to Employer, Claimant had to present evidence that he was totally disabled, which he did not do. Employer maintains Claimant's testimony that his condition has been unchanged

7

essentially equates to testifying that Claimant is still partially disabled, as the parties stipulated. Even under the relaxed *Whitfield* standard, Employer asserts Claimant still did not meet his burden of proof. Employer argues Claimant would have to show that he continued to be disabled or his condition changed, but, instead, Claimant testified he continued to suffer pain. Employer claims Dr. Mauthe's testimony also was insufficient to meet Claimant's burden because, while Dr. Mauthe testified Claimant had not fully recovered, Dr. Mauthe did not testify Claimant was totally disabled or that Claimant's condition was worse than at the time of the Stipulation. Accordingly, Employer asks the Court to reverse the Board's Order and maintain Claimant's disability status as partial.

In response, Claimant denies that he waived his right to challenge the constitutionality of the IRE by entering into the Stipulation. For support, Claimant cites *Whitfield* as allowing a claimant to file a reinstatement petition at any time within three years of the last payment of compensation, which Claimant did. Claimant further responds that nothing within Section 306(a.3) permits an employer to utilize an old IRE to modify a claimant's disability status. In addition, Claimant argues that nothing in Section 306(a.3) places the burden on a claimant whose status was rated under former Section 306(a.2) to show the claimant's whole person impairment rating is greater than 35%.

## III. DISCUSSION

### A. *The Protz Decisions and their Progeny*

Before addressing the merits of Claimant's and Employer's arguments, a brief review of the *Protz* decisions and their progeny is helpful. There, the claimant suffered a work injury in 2007 and underwent an IRE using the Sixth Edition of the *Guides* in 2011. Based upon that IRE, the claimant's disability status was changed

8

from total to partial. The claimant challenged the modification, arguing that former Section 306(a.2), which provided in pertinent part that a claimant's impairment rating shall be determined "pursuant to the most recent edition of the [*Guides*]," *former* 77 P.S. § 511.2, was an unconstitutional delegation of legislative authority in violation of article II, section 1 of the Pennsylvania Constitution.[8] On appeal to this Court, we agreed that Section 306(a.2) was unconstitutional and vacated the Board's order. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*). We also remanded the matter with instruction to further remand to the WCJ for an IRE determination applying the Fourth Edition of the *Guides*, which was the edition in effect at the time Section 306(a.2) was enacted. *Id.*

The Supreme Court subsequently affirmed this Court's determination that Section 306(a.2) was unconstitutional but reversed as to the remedy. The Supreme Court determined the offending language, "pursuant to the most recent edition of the [*Guides*]," which was scattered throughout Section 306(a.2), was not severable and struck Section 306(a.2) in its entirety from the WC Act. *Protz II*, 161 A.3d at 841.

The Supreme Court's decision in *Protz II* was a sea change in workers' compensation. The Supreme Court's decision was silent as to what effect, if any, its decision would have on the IREs performed under Section 306(a.2) for more than two decades, which left claimants and employers/insurers testing its limits. One of those tests came in *Whitfield*. In that case, the claimant underwent an IRE in 2006 using the Fifth Edition of the *Guides* and, based upon that IRE, had her disability status modified to partial. At the time, the claimant did not challenge the change in

---

[8] Article II, section 1 of the Pennsylvania Constitution provides: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." PA. CONST. art. II, § 1.

status. Following this Court's decision in *Protz I*, the claimant sought reinstatement, which the employer challenged in part on the basis that the claimant waived the constitutional argument by not raising the issue earlier. The WCJ and Board agreed. While the claimant's petition for review was pending with this Court, the Supreme Court issued its decision in *Protz II*, which the claimant argued should be given retroactive effect, and the employer opposed on the basis that the claimant had already collected her 500 weeks of temporary disability benefits without challenging the constitutionality of the IRE until then.[9] In determining whether the claimant was entitled to reinstatement under this set of facts, we did not squarely address the retroactivity question, instead relying upon Section 413(a) of the WC Act, 77 P.S. § 772, to conclude that a claimant has a statutory right to seek reinstatement within three years of the date of the most recent payment of compensation. *Whitfield*, 188 A.3d at 612. In *Whitfield*, the claimant sought reinstatement just four months after her last payment. We then explained that a claimant must demonstrate an ongoing disability from the work injury, which does not necessarily require medical evidence but instead can be achieved via the claimant's testimony. *Id.* at 614-15. At that point, an employer may rebut that evidence, and, if not rebutted, the claimant is entitled to reinstatement, but only as of the date the petition was filed. *Id.* at 616. In so holding, we explained this approach was

---

[9] Under Section 306(b) of the WC Act, a claimant is limited to 500 weeks of partial disability compensation. 77 P.S. § 512(1). While the claimant in *Whitfield* had already exhausted the 500 weeks of partial disability, in two companion cases that were considered seriately, *Moore v. Workers' Compensation Appeal Board (Sunoco, Inc. (R&M))* (Pa. Cmwlth., No. 715 C.D. 2017, filed June 6, 2018), *appeal denied*, 199 A.3d 866 (Pa. 2018), and *Pavlack v. Workers' Compensation Appeal Board (UPMC South Side)* (Pa. Cmwlth., No. 702 C.D. 2017, filed June 6, 2018), *appeal denied*, 199 A.3d 341 (Pa. 2018), we applied the same principles to claimants within the 500-week period.

consistent with the overall remedial purpose and humanitarian objective of the WC Act, which is intended to benefit the injured worker. . . . Otherwise, it would appear that a claimant whose status was changed to the 500-week, limited period of partial disability based upon an unconstitutional IRE would have no other mechanism of reinstating his or her right to total disability benefits.

*Id.* (internal citations and footnote omitted). We noted that "[o]ther mechanisms for challenging a change in status based upon an IRE were struck down in *Protz II*" because it struck down Section 306(a.2) in its entirety. *Id.* at 616 n.23. Finally, we explained that "because a claimant either still receiving or recently receiving benefits may seek modification, so long as the petition is filed within three years of the date of the most recent payment of compensation, it does not upset an employer's expectation of finality." *Id.* at 616.

A few months later this Court was faced with a different factual scenario. In *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck) (Dana Holding I)*, 195 A.3d 635 (Pa. Cmwlth. 2018), aff'd by *Dana Holding II*, a claimant was actively litigating the IRE at the time the *Protz* decisions were handed down. There, the claimant's disability status was modified to partial after the claimant underwent an IRE using the Sixth Edition of the *Guides* in 2014. The claimant challenged the modification on the basis he had not reached MMI, which is a prerequisite to obtaining an IRE. After the record was closed but before the WCJ issued a decision, we rendered our decision in *Protz I*, and, as a result, the employer sought to reopen the record to introduce an IRE using the Fourth Edition of the *Guides*, consistent with *Protz I*. Based upon the results of the second IRE, the WCJ granted the modification petition and modified the claimant's disability status from temporary total to partial disability, effective the date of the second IRE. Both parties appealed to the Board, and while that appeal was pending, the Supreme Court

11

issued its decision in *Protz II*. Because *Protz II* invalidated Section 306(a.2), the Board reversed and reinstated the claimant to total disability status as of the date of the disputed IRE.

Before this Court, the employer argued *Protz II* should not be given retroactive effect because to do so would violate the Remedies Clause by upsetting employers' and insurers' vested right to rely on the IRE provision. This Court relied upon the well-settled principle that "an appellate court should 'apply the law in effect at the time of appellate review.'" *Dana Holding I*, 195 A.3d at 641 (quoting *Passarello v. Grumbine*, 87 A.3d 285, 307 (Pa. 2014)). We further understood the employer's concerns about the need for finality but explained that "the determination of [the c]laimant's disability status was far from final" as "[i]t was still being actively litigated when the *Protz* decisions were handed down." *Id.* For similar reasons, the Court also rejected the employer's argument that it had a vested right that should be enforced.[10] *Id.* at 643-44. Because the claimant was actively litigating the IRE at the time of the *Protz* decisions, we affirmed the Board's order reinstating the claimant to total disability status as of the date of the IRE.

The Supreme Court affirmed that decision in *Dana Holding II*. There, the Supreme Court began by explaining that its holding was limited to only cases pending on appeal at the time *Protz II* was decided. *Dana Holding II*, 232 A.3d at 636. It further rejected the employer's argument that Section 306(a.2) was procedural and not substantive, and that the claimant would not be prejudiced by a selectively prospective application of *Protz II*. *Dana Holding II,* 232 A.3d at 647. Ultimately, the Supreme Court held "that the inertia favoring application of the general rule of retroactive application to cases pending on direct appeal should

---

[10] The Court also questioned the applicability of the Remedies Clause to a statute that has been declared unconstitutional. *Dana Holding I*, 195 A.3d at 644.

12

control." *Id.* In doing so, it recognized that "there may be some remaining latitude for balancing of interests given the longstanding presumptive validity of Section 306(a.2) and employers' and insurers' understandable reliance thereon for many years" but determined the employer "ha[d] not shown that its interests are so substantially predominant as to justify a departure from the default approach." *Id.*

The Supreme Court likewise rejected the employer's due course of law argument under the Remedies Clause. Like this Court, the Supreme Court noted that the employer cited no authority applying the due course of law to a statute found to be unconstitutional. *Id.* at 649. The Supreme Court also agreed with this Court that "a disability modification is not vested when it remains subject to a preserved challenge pursued by a presently aggrieved claimant." *Id.* Accordingly, the Supreme Court affirmed this Court's order.

While the courts worked through setting some parameters of the *Protz II* holdings, the General Assembly was busy enacting new legislation aimed at reinstituting the use of IREs. On October 24, 2018, the General Assembly enacted Act 111, which went into effect immediately. Act 111 repealed former Section 306(a.2), which was struck down by *Protz II*, and replaced it with Section 306(a.3) of the WC Act, 77 P.S. § 511.3. Section 306(a.3) was largely identical to former Section 306(a.2) with two key distinctions. First, Section 306(a.3) specifies that the Sixth Edition (Second Printing April 2009) of the *Guides* must be utilized for IREs, whereas former Section 306(a.2) provided only for "the most recent edition." *Compare* 77 P.S. § 511.3, *with former* 77 P.S. § 511.2. Second, Section 306(a.3) provides for a different threshold impairment rating. Under Section 306(a.3)(2), a claimant is presumed to be totally disabled if the impairment rating is equal to or greater than 35%. 77 P.S. § 511.3(2). Under former Section 306(a.2)(2), the

13

threshold was 50%. *Former* 77 P.S. § 511.2(2). In addition, Section 3 of Act 111 sets forth certain situations in which an insurer receives "credit" for compensation paid prior to Act 111's effective date. Specifically, Section 3 of Act 111 provides:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [WC A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [WC A]ct.

> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [WC A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

Following Act 111's enactment, the Court began to see challenges testing its applicability and limits. In *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020) (*en banc*), we examined to what extent, if any, IREs previously performed that otherwise comply with the new IRE provision could be utilized. There, it was undisputed that the IRE performed in 2013 would comply with the requirements of Section 306(a.3). *Id.* at 558-59. The employer, however, argued that it should be entitled to use the 2013 IRE to maintain the claimant's disability status because Act 111 was retroactive.

We first considered whether the legislature expressly provided for retroactive application of Act 111. We rejected the employer's argument that Section 3 of Act 111 provides that express legislative intent, explaining that

> [b]y its very terms, Section 3 does not provide that **all** of Act 111 applies retroactively. Section 3 states that employers/insurers are given

14

credit for weeks of total and/or partial compensation benefits paid **prior** to Act 111's enactment. The plain language of Section 3 evidences legislative intent to give effect, **after** the passage of Act 111, to these weeks of compensation, although they were paid before the passage of Act 111. Importantly, the General Assembly **did not** explicitly state or imply that an **IRE previously performed** before Act 111's enactment could be used to meet the requirements of Act 111.

*Id.* at 561 (emphasis in original).

We also considered whether Act 111 was substantive or procedural in nature. If the latter, it could be retroactively applied even in the absence of express language to that effect. *Id.* at 562. Because "retroactive application of Act 111 would have a direct negative impact on [a c]laimant's disability status by giving effect to an IRE performed under a process that the Supreme Court in *Protz II* found constitutionally invalid," we held Act 111 was a substantive change in the law which could not be given retroactive effect without express language providing so. *Id.* at 562-63.

In another *en banc* opinion issued the same day as *Rose Corporation*, the Court reaffirmed its holding in *Whitfield* that a claimant who was not actively litigating a change in disability status at the time of *Protz II* was entitled to reinstatement to total disability as of the date of the reinstatement petition. *White v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 237 A.3d 1225, 1231 (Pa. Cmwlth. 2020). We also rejected the claimant's argument that the Board erred in reversing the WCJ's decision that the employer was not entitled to credit for partial disability compensation benefits previously paid. *Id.* at 1232. We explained that, contrary to the claimant's assertions, the Board did not award the employer credit for those weeks. *Id.* Instead, the Board determined it was premature to decide whether the employer would get credit for such weeks because the employer had not yet sought to avail itself of a new IRE under Section 306(a.3). *Id.*

15

With this backdrop in mind, we turn to the parties' arguments, beginning with the issues Claimant raises in his Petition for Review.

   B.   *Whether Claimant was entitled to reinstatement as of the date of the IRE in November 2014.*

Claimant asserts two reasons that his total disability benefits should have been reinstated as of November 6, 2014, which is the date of the IRE. First, he argues that *Protz II* declared Section 306(a.2), under which the IRE was performed, unconstitutional in its entirety, and Act 111 repealed Section 306(a.2); therefore, any IRE performed thereunder is a nullity. Second, he argues that Employer's failure to issue a Notice of Change Form resulted in the change in disability status never being solemnized. We reject both arguments.

Claimant's first argument has been advanced by other similarly situated claimants and has been consistently rejected. *See, e.g.*, *Fronheiser v. Workers' Comp. Appeal Bd. (Caterpillar Logistics Servs.)* (Pa. Cmwlth., No. 483 C.D. 2020, filed May 12, 2021);[11] *Ruggiero v. Commonwealth* (Pa. Cmwlth., No. 934 C.D. 2020, filed May 12, 2021); *Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986 (Pa. Cmwlth. 2020); *Whitfield*, 188 A.3d at 616. The only instance in which a court has reinstated a claimant as of the date of a now-invalid IRE was where the claimant was actively litigating the IRE at the time *Protz II* was decided, such as in *Dana Holding I* and *II*. Claimant, here, was not actively litigating the IRE. Therefore, Claimant is more similarly situated to the claimant in *Whitfield* who filed the reinstatement petition within three years of the most recent payment of compensation.

_____

[11] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

The Court is likewise not persuaded by Claimant's second argument, that the failure of Employer to issue the Notice of Change Form entitled Claimant to reinstatement as of the date of the change in disability status. Regulations promulgated by the Department of Labor & Industry's Bureau of Workers' Compensation (Department) provide, in pertinent part, as follows:

> If [an IRE] results in an impairment rating of less than 50%,[12] the employee shall receive benefits partial in character. To adjust the status of the employee's benefits from total to partial, the insurer shall provide notice to the employee, the employee's counsel, if known, and the Department, on Form LIBC-764, "Notice of Change of Workers' Compensation Disability Status," of the following:
>
> (1)  The evaluation has resulted in an impairment rating of less than 50%.
> (2)  Sixty days from the date of the notice the employee's benefit status will be adjusted from total to partial.
> (3)  The adjustment of benefit status does not change the amount of the weekly workers' compensation benefit.
> (4)  An employee may only receive partial disability benefits for a maximum of 500 weeks.
> (5)  The employee may appeal the adjustment of benefit status to a [WCJ] by filing a [p]etition for [r]eview with the Department.

34 Pa. Code § 123.105(d). In *Morrissey v. Workers' Compensation Appeal Board (Super Fresh Food Markets, Inc. and Broadspire Services, Inc.)* (Pa. Cmwlth., No. 486 C.D. 2019, filed January 9, 2020), we examined the effect of an employer filing a Notice of Change Form eight years after the claimant underwent an IRE on the claimant's ability to file a review petition. The claimant argued, in part, that her disability status should reflect a change at the time of the Notice of Change Form being filed, not years earlier, and that she should be entitled to 500 weeks of partial

---

[12] The regulation was promulgated in 1996 when former Section 306(a.2) was in effect. As discussed above, under former Section 306(a.2), the threshold impairment rating was 50%.

17

disability benefits from this later date, although she had already collected 500 weeks of partial disability benefits. As for the claimant's argument that the Notice of Change Form was a condition precedent to modifying her disability status, the Court stated, "there is no law, regulation[,] or case that supports this contention." *Id.*, slip op. at 6. Instead, we held that "[a]n employer's belated filing of [a Notice of Change Form] does not serve to extend the time limit for filing a review petition," which must be done within three years of the most recent payment of compensation pursuant to Section 413(a) of the WC Act. *Id.* We further explained that "whatever harm was caused by this belated filing . . . did not affect [the c]laimant's understanding of her rights under the [WC] Act." *Id.*

Likewise, here, the Court cannot discern how Employer's failure to issue the Notice of Change Form prejudiced Claimant. We agree with Employer that the purpose of the Notice of Change Form is to notify a claimant that 60 days thereafter the claimant's disability status will be changed from total to partial and to advise the claimant of the ability to appeal. Here, Claimant stipulated to the change in status. Therefore, we are not persuaded that failure to issue a Notice of Change Form apprising Claimant of rights to which he was already aware constitutes grounds to invalidate Claimant's agreed-to change in status.

For these reasons, we are not persuaded by Claimant's arguments that he should have been reinstated to total disability status as of November 6, 2014, the date of the original change.

     *C.*     *Whether Claimant met his burden of proof to establish a right to reinstatement to total disability benefits when the original modification was based upon the parties' Stipulation.*

While Claimant's arguments on appeal are relatively well-settled, Employer's arguments raised in its cross-petition for review appear to be novel issues of law.

18

The crux of Employer's argument is that, because Claimant stipulated to a change in disability status, that agreement is not affected by the subsequent change in law, namely, *Protz II*, and, therefore, Claimant could not rely upon the lesser burden of proof that the Court set forth in *Whitfield* to establish he was entitled to reinstatement to total disability status.

In *Hrivnak*, this Court considered the effect a subsequent change in the law had on the parties' stipulation. In that case, during the litigation of a reinstatement petition, the claimant and employer entered into a stipulation, which was incorporated into the WCJ's decision requiring the employer to make payments to the claimant as "specified in the [s]tipulation." *Hrivnak*, 791 A.2d at 1283. Per that stipulation, the employer was credited for unemployment compensation (UC) benefits that the claimant had concurrently received with his workers' compensation benefits. Neither party appealed that WCJ decision memorializing the stipulation. Six years later, the claimant filed a review petition asking the WCJ to nullify the stipulation to the extent it provided the employer with a credit for the UC benefits based upon the Supreme Court's subsequent decision in *Lykins v. Workmen's Compensation Appeal Board (New Castle Foundry)*, 713 A.2d 77 (Pa. 1998). In *Lykins*, the Supreme Court overturned this Court's interpretation of Section 204(a) of the WC Act, 77 P.S. § 71(a), which was amended in 1993, and held it did not apply to claimants who were injured prior to its effective date in August 1993. The claimant's injuries occurred in January 1993. The WCJ found the parties were bound by the stipulation, and the Board affirmed. This Court concluded that the stipulation also controlled despite a change in case law. *Hrivnak*, 791 A.2d at 1284. First, the Court explained the matter was not pending when the Supreme Court issued its decision. *Id.* at 1285. Second, the Court rejected the claimant's argument

that the stipulation was void and unenforceable under Section 407 of the WC Act, 77 P.S. § 731, which provides that "any agreement . . . permitting a commutation of payments contrary to the provisions of [the WC A]ct, or varying the amount to be paid or the period during which compensation shall be payable as provided in [the WC A]ct, shall be wholly null and void." *Id.* at 1286. The Court reasoned that, when the stipulation was entered, it was based upon the state of the law at the time and, therefore, "was not founded upon false facts or an erroneous reading of the law at the time it was made." *Id.* Accordingly, we affirmed the Board's order.

Although *Hrivnak* did not involve a statutory provision being declared unconstitutional, as it was here, the Court discerns no reason that the same considerations in *Hrivnak* should not apply to the case *sub judice*. At the time Claimant and Employer entered into the Stipulation in 2015, IREs performed under former Section 306(a.2) had not yet been deemed constitutionally invalid. Therefore, like *Hrivnak*, there were no "false facts" or "erroneous reading of the law at the time" the Stipulation was made. 791 A.2d at 1286. "It is well established that parties in workers' compensation matters, 'as in all other civil proceedings, may enter of record a binding stipulation as to the facts of the case.'" *Pravco, Inc. v. Workers' Comp. Appeal Bd. (Marshall)* (Pa. Cmwlth., No. 197 C.D. 2015, filed Dec. 18, 2015), slip op. at 4 (quoting *Thomas v. Bache*, 38 A.2d 551, 556 (Pa. Super. 1944), *rev'd on other grounds*, 40 A.2d 495 (Pa. 1945)). Here, Claimant entered into the Stipulation and thereby acknowledged that his disability status should be modified from total to partial disability. (Stipulation ¶ 9.) Further, the Stipulation was incorporated into the WCJ's June 2, 2015 Decision. While the Stipulation was premised on an IRE that now would not pass constitutional muster, at the time, it was valid and not based upon any falsehood. Moreover, Claimant stated he

20

understood that the Stipulation may impact his future rights under the WC Act. (*Id.* ¶ 13.) Under this set of facts, similar to *Hrivnak*, we hold that Claimant continues to be bound by that Stipulation despite the intervening change in the law.[13]

Because Claimant is bound by the Stipulation, in which he admitted to receiving 104 weeks of total disability benefits, reaching MMI, undergoing an IRE revealing a whole person impairment rating of eight percent, and that his benefit status should be modified to partial disability, (*id.* ¶¶ 2-10), he cannot invoke the relaxed burden of proof in *Whitfield* in order to establish an entitlement to reinstatement to total disability benefits as his modification was not due to an unconstitutional IRE *per se*. In other words, Claimant cannot simply demonstrate ongoing disability from the work injury through his own testimony. *Whitfield*, 188 A.3d at 614-15. Rather, a claimant within the 500 weeks of partial disability must show that his or her earning power is again being adversely affected by the work injury. *Sladisky v. Workers' Comp. Appeal Bd. (Allegheny Ludlum Corp.)*, 44 A.3d 98, 102 (Pa. Cmwlth. 2012). In contrast, a claimant must show a loss of earning capacity and a worsening of the claimant's medical condition if seeking reinstatement to total disability after the expiration of the 500 weeks of partial disability benefits. *Stanek v. Workers' Comp. Appeal Bd. (Greenwich Collieries)*, 756 A.2d 661 (Pa. 2000); *Kiser v. Workers' Comp. Appeal Bd. (Weleski Transfer, Inc.)*, 809 A.2d 1088, 1092-93 (Pa. Cmwlth. 2002). Act 111 also provides a mechanism for reinstatement. Section 306(a.3)(4) provides that "[a]n employe may appeal the change to partial disability at any time during the [500]-week period of

_____

[13] At oral argument, Claimant argued a similar stipulation was involved in *City of Pittsburgh v. Workers' Compensation Appeal Board (Donovan)*, __ A.3d __, (Pa. Cmwlth., No. 1804 C.D. 2019, filed April 22, 2021), and the Court affirmed the claimant's reinstatement to partial disability based upon *Whitfield*. In that case, however, there is no indication that the employer argued that the stipulation should be binding upon the parties as Employer does here.

21

partial disability; Provided, [t]hat there is a determination that the employe meets the threshold impairment rating that is equal to or greater than thirty-five per centum impairment under" the Sixth Edition (Second Printing April 2009) of the *Guides*. 77 P.S. § 511.3(4). At the time Claimant filed his Reinstatement Petition, Act 111 had become law; therefore, he could avail himself of the remedy set forth therein.

## IV. CONCLUSION

In summary, ordinarily, a claimant who has been actively litigating an IRE is entitled to reinstatement as of the date of the IRE, and a claimant who subsequent to *Protz II* seeks reinstatement on the basis of that opinion is entitled to reinstatement only as of the date of the reinstatement petition. However, where a claimant, such as the one here, stipulates as to the change in disability status, the claimant cannot simply testify that his disability is ongoing as provided in *Whitfield*. Because Claimant did not meet his burden of proof establishing that he was entitled to reinstatement to total disability status, we agree with Employer that the Board erred in reinstating Claimant to total disability. Accordingly, we vacate the Board's Order. However, because this matter involves a question of first impression, the Court remands this matter for further proceedings at which the parties can present evidence as to whether Claimant's earning power is adversely affected by the work injury, pursuant to *Sladisky*.

**RENÉE COHN JUBELIRER,** Judge

22

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark E. Rawlins,                                          :
                        Petitioner                        :
                                                          :
            v.                                            :     No. 1736 C.D. 2019
                                                          :
Workers' Compensation Appeal                             :
Board (Praxair Inc.),                                    :
                        Respondent                        :


Praxair Inc.,                                            :
                        Petitioner                        :
                                                          :
            v.                                            :     No. 1747 C.D. 2019
                                                          :
Workers' Compensation Appeal                             :
Board (Rawlins),                                         :
                        Respondent                        :

## <u>O R D E R</u>

NOW, July 22, 2021, the Order of the Workers' Compensation Appeal Board is **VACATED,** and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.


Jurisdiction relinquished.


_____
**RENÉE COHN JUBELIRER,** Judge